MATHIS v INTERSTATE MOTOR FREIGHT SYSTEM

HAWKINS v AUTO-OWNERS INSURANCE COMPANY

OTTENWESS v HAWKEYE-SECURITY INSURANCE COMPANY

*In re* CERTIFIED QUESTIONS

(JOSEPH v TRANSPORT INDEMNITY COMPANY)

Docket Nos. 59454, 61470, 61725, 62782. Argued May 30, 1979 (Calendar Nos. 4-7).—Decided March 20, 1980.

Workers' compensation benefits were paid in each of these cases on behalf of an employee who was injured or killed in the course of his employment in an accident involving a motor vehicle owned by his employer, and personal injury benefits were sought under the no-fault automobile insurance act for the same injuries.

Buster Mathis received workers' compensation benefits because he was injured while loading a semi-trailer in the course of his employment with Interstate Motor Freight System. Plaintiff Mathis also brought an action for payment of no-fault automobile insurance benefits against defendant Interstate, which was a self-insurer under the no-fault act. The defendant argued that the plaintiff's exclusive remedy against it was under the Work-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 9-14] Am Jur 2d New Topic Service, No-Fault Insurance § 22.
  Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
[2] Am Jur New Topic Service, No-Fault Insurance § 18.
[3, 6] 81 Am Jur 2d, Workmen's Compensation § 53.
  Insured's receipt of or right to workmen's compensation benefits as affecting recovery under accident, hospital, or medical expense policy. 27 ALR2d 946.
[4] 81 Am Jur 2d, Workmen's Compensation § 53.
  Insured's receipt of or right to workmen's compensation benefits as affecting recovery under accident, hospital, or medical expense policy. 27 ALR2d 946.
[5, 7] Am Jur 2d New Topic Service, No-Fault Insurance § 8.
[8, 11-13] Am Jur 2d New Topic Service, No-Fault Insurance § 12.
  Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

er's Disability Compensation Act. The Kent Circuit Court, George R. Cook, J., granted summary judgment for defendant. The Court of Appeals, Beasley, P.J., and R. B. Burns and J. H. Gillis, JJ., affirmed (Docket No. 28032). Plaintiff Mathis appeals.

David Hawkins received workers' compensation benefits because he was injured while driving a truck owned by his employer, Acme Disposal, Inc. Hawkins brought an action for payment of no-fault automobile insurance benefits against Auto-Owners Insurance Company, his employer's insurer. The Oceana Circuit Court, Harold Van Domelen, J., granted accelerated judgment for the defendant. The Court of Appeals, Danhof, C.J. (M. J. Kelley and T. M. Burns, JJ., concurring in the result), reversed and remanded for further proceedings (Docket No. 77-2780). Defendant Auto-Owners Insurance Company appeals.

Michael Ottenwess was killed by a malfunction of a dump truck he was attempting to repair in the course of operating it for his employer, Wickes Lumber Company. His widow, Deborah Ottenwess, and their minor children, Michael and Susan, received workmen's compensation benefits. Mrs. Ottenwess brought an action, for herself and the children, for payment of no-fault automobile insurance benefits against Travelers Insurance Company, which insured Wickes Lumber Company, and Hawkeye-Security Insurance Company, which had insured the automobile owned by Michael Ottenwess. The Kent Circuit Court, George R. Cook, J., granted summary judgments for the defendants. The Court of Appeals, J. H. Gillis, P.J., and R. B. Burns, J. (Allen, J., dissenting), reversed as to defendant Hawkeye-Security Insurance Company on the ground that the exclusive-remedy rule of the Worker's Disability Compensation Act did not apply to the worker's own no-fault insurer (Docket No. 77-2819). Defendant Hawkeye-Security Insurance Company appeals.

Andrew Joseph received workers' compensation benefits for injuries suffered while driving a truck owned by his employer, IML Freight Company. Transport Indemnity Company, the employer's no-fault automobile insurer, paid plaintiff Joseph work-loss benefits from the date of the accident through August 21, 1976, but deducted the amount of workers' compensation benefits the plaintiff was receiving. Further no-fault benefits were paid through January 8, 1977, but the defendant stopped paying no-fault benefits after the decision of the Court of Appeals in *Mathis*. Plaintiff brought an action in Wayne Circuit Court against Transport Indemnity Company for payment of the no-fault benefits. The action was removed on the defendant's

motion to the United States District Court for the Eastern District of Michigan, Cornelia G. Kennedy, J., who certified to the Supreme Court, two questions of Michigan law concerning the payment of no-fault insurance benefits: first, whether the plaintiff's sole remedy is under the Worker's Disability Compensation Act; second, whether the setoff provision of the no-fault automobile insurance act and of the defendant's insurance policy violates the Michigan Constitution. In an opinion by Justice Kavanagh, joined by Chief Justice Coleman and Justices Levin, Fitzgerald, and Ryan, the Supreme Court *held:*

1. The Worker's Disability Compensation Act and the no-fault insurance act are complete self-contained legislative schemes addressing discrete problems. The Worker's Disability Compensation Act provides a substitute for the common-law tort liability of the employer to the employee, and makes recovery of compensation benefits the exclusive remedy of the employee against the employer. The no-fault act provides a substitute for common-law tort liability arising out of the ownership or operation of a motor vehicle, by which victims of motor accidents receive insurance benefits from a no-fault insurance carrier as compensation for injuries.

2. The sections of the no-fault act authorizing an employee to recover personal protection insurance benefits from the insurer of the employer's vehicle and providing that under personal protection insurance an insurer is liable to pay certain benefits, when read together, create a new cause of action of the employee directly against the employer's no-fault insurance carrier. The only express limitation on this cause of action is the phrase "to which the employee is entitled". The argument that this phrase was inserted in the no-fault act to restrict recovery to the situation where the employee was not within the scope of his employment and that otherwise workers' compensation is his exclusive remedy is not persuasive for two reasons:

3. First, the exclusive-remedy provision of the Worker's Disability Compensation Act applies to actions against the employer, but here the cause of action is against the no-fault insurer, hence the exclusive-remedy provision does not apply.

4. Second, the legislative history of the no-fault insurance act discloses an intent to override any prohibitions which the exclusive-remedy clause of the Worker's Disability Compensation Act might have made on recovery of no-fault insurance benefits from the employer's insurer. The original bill provided that an employee injured in the course of his employment while occupying his employer's automobile would recover no-fault insurance benefits for such injuries to the extent that

such benefits equaled or exceeded any benefits he might claim under the workers' compensation law, and that payment of such benefits discharged the obligation to pay workers' compensation benefits to the extent of payment. The discharge provision prevented duplication of recovery. As amended and passed, however, the no-fault insurance act provides that benefits payable under any other law, state or Federal, are to be deducted from personal protection insurance benefits payable. The amendment rearranged the priorities of obligations for payment among the responsible parties. This rearrangement of responsibilities was neither intended to have nor has the effect of changing the original intention of the Legislature to provide that an employee injured in the course of his employment while occupying his employer's motor vehicle would be entitled to no-fault insurance benefits despite the fact that he is entitled to workers' compensation benefits. Therefore, such an employee is entitled to collect no-fault insurance benefits from the no-fault insurer of the employer's vehicle, and is not limited to workers' compensation as his sole remedy.

5. In *Mathis* the employer was a self-insurer under the no-fault insurance act. An employer may have ties with an employee other than the employment relationship, *e.g.*, landlord and tenant, trustee and beneficiary, or vendor and vendee. The laws governing the particular relationship determine the rights and obligations of the parties. The fact that the parties are also employer and employee does not automatically bring into operation the exclusive-remedy provision of the Worker's Disability Compensation Act. The exclusive-remedy provision applies only to employers where conditions of liability under the Worker's Disability Compensation Act pertain. Plaintiff Mathis is seeking no-fault benefits from a self-insurer who happens to be his employer. Any liability to pay no-fault benefits is based on being an insurer under the no-fault act. The employment relationship does not determine the status of the insurer, but simply fixes priority among those who are insurers. No conditions of liability under the Worker's Disability Compensation Act exist affecting the liability of the employer as a self-insurer under the no-fault act. Accordingly, there is no reason to apply the exclusive-remedy provision of the Worker's Disability Compensation Act to bar the plaintiff's cause of action in *Mathis.*

6. The plaintiffs in *Ottenwess* are seeking to recover workers' compensation benefits, no-fault insurance benefits from the employer's no-fault insurer, and no-fault insurance benefits from the insurer of the employee's private automobile. The plaintiff may recover workers' compensation benefits and, in

addition, no-fault insurance benefits from the employer's no-fault carrier. The no-fault insurance act, however, precludes the action against the insurer of the employee's private automobile under the facts of the *Ottenwess* case, because it provides that the general order of priority for claims of personal protection benefits is first against the insurer of the owner or registrant of the vehicle occupied, and second against the insurer of the operator of the vehicle occupied with certain listed exceptions. One of the exceptions provides that where an employee is injured while an occupant of a vehicle furnished by his employer the employee shall receive the personal protection benefits from the insurer of the furnished vehicle. If the exception is applicable, the general order of priority does not apply. Michael Ottenwess was an employee who suffered accidental bodily injury in the use of a motor vehicle owned by his employer. The plaintiffs, widow and children, are entitled to no-fault benefits from the insurer of the furnished vehicle. Because the *Ottenwess* case is within the furnished-vehicle exception, the general order of priority does not apply. Therefore the plaintiffs in *Ottenwess* are not entitled to bring an action against the no-fault insurer of the employee's private vehicle.

7. The no-fault insurance act requires the subtraction of benefits required to be provided under the laws of any state or the Federal government from no-fault benefits otherwise due. The Court has sustained the constitutionality of this setoff provision because the Legislature's judgment that the recipients of private benefits should be treated differently from the recipients of government benefits has a rational basis. The distinction rationally promotes the legitimate legislative objectives of enabling persons with economic needs exceeding the maximum benefits permitted under the no-fault act to obtain the supplemental coverage they need and of placing the burden directly on the shoulders of those persons, instead of spreading it throughout the ranks of no-fault insureds. The no-fault act requires a setoff of Federal Social Security survivors' benefits, and the setoff is not arbitrary because the benefits are paid as a result of the same accident and duplicate in varying degrees the no-fault benefits otherwise due. Similarly to set off the workers' compensation benefits does not result in a denial of equal protection of the laws. Workers' compensation benefits are paid as a result of the same accident and duplicate in varying degrees the no-fault benefits otherwise due. This brings the workers' compensation benefits within the scope of the setoff provision of the no-fault act. Therefore, workers' compensation benefits must be set off against the no-fault benefits

otherwise due, and such a setoff is constitutional. Consequently, insurance policy provisions based on the setoff provision of the act are also constitutional.

8. The certified questions are answered in the negative, in that an employee is not limited to workers' compensation benefits, but may claim no-fault benefits from the carrier of the insurance on the employer's vehicle, and the setoff provision of the no-fault insurance act is constitutional and valid under the Constitution of Michigan as applied to workers' compensation benefits.

The decision of the Court of Appeals is reversed in *Mathis,* and the case is remanded to the circuit court for trial. The decision of the Court of Appeals is affirmed in *Hawkins.* The decision of the Court of Appeals is reversed in *Ottenwess,* the summary judgment in favor of defendant Hawkeye Security Insurance Company is affirmed, and the case is remanded to the circuit court for trial as to defendant Travelers Insurance Company. The certified questions are answered in the negative.

Justice Williams, joined by Justice Fitzgerald, concurred, but wrote separately to distinguish this case from one involving Social Security survivors' benefits. It is neither logical nor constitutionally permissible either to eliminate benefit duplication or to accomplish premium reduction by subtracting personally paid-for Social Security survivors' benefits from personally paid-for no-fault benefits while not likewise requiring a subtraction of analogous, personally paid-for private insurance benefits. In this case, however, the classification is not between a personally paid-for government benefit plan and a personally paid-for private benefit plan, but between a *non*-personally paid-for government plan and a personally paid-for private plan. The legislative differentiation between a *non*-personally paid-for benefit system and a personally paid-for benefit system is a reasonable and constitutional classification.

Justice Moody concurred in the result but wrote separately that he was of the opinion that setoff provision of the no-fault insurance act is unconstitutional because it creates an elitist, unreasonable and arbitrary classification permitting the luxury of duplicative recovery to those who can afford private insurance to supplement no-fault benefits, while denying parallel benefits to many persons similarly situated whose economic circumstances require sole reliance on governmental sources to which they may have contributed. However, a majority of the Court has previously concluded that the setoff provision is free from constitutional infirmity and that decision controls the constitutional question presented in these cases, in which the

supplemental benefits are provided without direct cost to the employee. The legislative history indicates an intent that workers' compensation benefits be deducted from personal protection insurance benefits when both benefits are payable for an injury. On the facts of these cases, workers' compensation and no-fault benefits are clearly "payable for the injury" within the meaning of the setoff provision.

73 Mich App 602; 252 NW2d 842 (1977) reversed.

83 Mich App 225; 268 NW2d 534 (1978) affirmed.

84 Mich App 292; 269 NW2d 570 (1978) reversed.

OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — WORKMEN'S COMPENSATION — BENEFITS — REMEDIES.

An employee who suffers accidental bodily injury in the course of his employment while occupying a motor vehicle owned by the employer is entitled to collect no-fault insurance benefits from the no-fault insurer of the employer's vehicle, and is not limited to workers' compensation as his sole remedy (MCL 418.131, 500.3105, 500.3114; MSA 17.237[131], 24.13105, 24.13114).

2. INSURANCE — NO-FAULT INSURANCE — MASTER AND SERVANT.

The no-fault insurance act creates a new cause of action directly against the no-fault insurer of the furnished vehicle for injuries sustained when an employee is occupying a motor vehicle furnished by the employer (MCL 500.3105, 500.3114; MSA 24.13105, 24.13114).

3. INSURANCE — NO-FAULT INSURANCE — WORKMEN'S COMPENSATION — BENEFITS — REMEDIES.

The exclusive-remedy provision of the Worker's Disability Compensation Act is not applicable to a claim against the employer's no-fault insurance carrier and is not a bar to the employee's cause of action under the no-fault insurance act because the exclusive-remedy provision applies only to actions against the employer; furthermore, the legislative history of the no-fault insurance act discloses an intent to override any prohibitions which the exclusive-remedy provision might have made on recovery of no-fault insurance benefits from the employer's insurer (MCL 418.131, 500.3105, 500.3114; MSA 17.237[131], 24.13105, 24.13114).

4. WORKMEN'S COMPENSATION — REMEDIES — EMPLOYMENT RELATION.

The exclusive-remedy provision of the Worker's Disability Com-

pensation Act applies only to employers where the conditions of liability under the act pertain; an employee may have ties with an employer other than the employment relation, *e.g.*, landlord and tenant, trustee and beneficiary, or vendor and vendee, and the laws governing the particular relationship determine the rights and obligations of the parties (MCL 418.131; MSA 17.237[131]).

5. INSURANCE — NO-FAULT INSURANCE — PRIORITY OF LIABILITY — EMPLOYMENT RELATION.

Any liability to pay no-fault insurance benefits is based upon the status of being an insurer under the no-fault insurance act; the employment relation of the injured person does not determine the status of insurer, but simply fixes the priority among those who are insurers (MCL 500.3114; MSA 24.13114).

6. INSURANCE — NO-FAULT INSURANCE — SELF-INSURERS — EMPLOYMENT RELATION — WORKMEN'S COMPENSATION — REMEDIES.

The exclusive-remedy provision of the Worker's Disability Compensation Act does not bar an employee's cause of action against his employer as a self-insurer under the no-fault insurance act for injuries suffered while the employee was occupying a motor vehicle furnished by the employer where no conditions of liability under the Worker's Disability Compensation Act exist affecting the employer as a self-insurer under the no-fault insurance act (MCL 418.131, 500.3114, 500.3135; MSA 17.237[131], 24.13114, 24.13135).

7. INSURANCE — NO-FAULT INSURANCE — LIABILITY — MASTER AND SERVANT.

The no-fault insurance act precludes an action against the insurer of an employee's private automobile for injuries the employee suffered while an occupant of a motor vehicle owned or registered by his employer; the liability of the insurer of the furnished motor vehicle is intended to be an exception to the general order of priority among no-fault insurance claims (MCL 500.3114; MSA 24.13114).

8. CONSTITUTIONAL LAW — NO-FAULT INSURANCE — REDUCTION OF BENEFITS — EQUAL PROTECTION.

The Legislature's judgment in the no-fault insurance act that the recipients of private health or accident benefits should be treated differently from the recipients of government benefits in reducing no-fault benefits has a rational basis and should therefore be sustained under the Equal Protection Clause; the distinction rationally promotes the legitimate legislative objec-

tives of enabling persons with economic needs exceeding the maximum benefits permitted under the no-fault insurance act to obtain the supplemental coverage they need and of placing the burden of such extra coverage directly on those persons, instead of spreading it throughout the no-fault insureds (US Const, Am XIV; Const 1963, art 1, § 2; MCL 500.3109[1]; MSA 24.13109[1]).

9. INSURANCE — NO-FAULT INSURANCE — REDUCTION OF BENEFITS — SOCIAL SECURITY.

The provision of the no-fault insurance act which reduces the benefits to the extent of government benefits which the beneficiary receives requires a setoff of Federal Social Security survivors' benefits received by the beneficiary as the result of a decedent's death in an automobile accident (MCL 500.3109[1]; MSA 24.13109[1]).

10. INSURANCE — NO-FAULT INSURANCE — REDUCTION OF BENEFITS — WORKMEN'S COMPENSATION.

The provision of the no-fault insurance act which reduces the benefits to the extent of benefits which the beneficiary receives under state law requires a setoff of workers' compensation benefits received as the result of an injury to an employee in a vehicle furnished by the employer in the course of his employment (MCL 500.3109[1]; MSA 24.13109[1]).

11. CONSTITUTIONAL LAW — NO-FAULT INSURANCE — REDUCTION OF BENEFITS — WORKMEN'S COMPENSATION.

A reduction under the no-fault insurance act of no-fault insurance benefits to the extent of workers' compensation benefits received as a result of an injury to an employee in a vehicle furnished by the employer in a motor vehicle accident in the course of his employment is a legislative judgment supported by a rational basis and should therefore be sustained under the Equal Protection Clause; the workers' compensation benefits are paid as a result of the same accident and duplicate in varying degrees the no-fault benefits otherwise due (US Const, Am XIV; Const 1963, art 1, § 2; MCL 418.101 *et seq.*, 500.3109[1]; MSA 17.237[101] *et seq.*, 24.13109[1]).

CONCURRING OPINION BY WILLIAMS, J.

12. INSURANCE — NO-FAULT INSURANCE — REDUCTION OF BENEFITS — EQUAL PROTECTION.

*The legislative differentiation in the no-fault insurance act between workers' compensation, a non-personally-paid-for benefit*

*system, and private health or accident benefits, a personally-paid-for benefit system, by reducing the no-fault insurance benefits to the extent of workers' compensation benefits received as a result of an injury to an employee in the course of his employment in a vehicle furnished by the employer is a reasonable and constitutional statutory classification (US Const, Am XIV; Const 1963, art 1, § 2; MCL 418.101 et seq., 500.3109[1]; MSA 17.237[101] et seq., 24.13109[1]).*

OPINION CONCURRING IN RESULT BY BLAIR MOODY, JR., J.

See headnotes 1-7.

13. CONSTITUTIONAL LAW — NO-FAULT INSURANCE — REDUCTION OF
     BENEFITS — EQUAL PROTECTION.

   *The provision of the no-fault insurance act which reduces personal protection insurance benefits by the amount received in benefits required to be provided under state or Federal laws creates an elitist, unreasonable and arbitrary classification permitting the luxury of duplicative recovery to those who can afford private insurance to supplement no-fault benefits, while denying parallel benefits to the many persons similarly situated whose economic circumstances require sole reliance on governmental sources to which they may have contributed (US Const, Am XIV; Const 1963, art 1, § 2; MCL 500.3109[1]; MSA 24.13109[1]).*

14. INSURANCE — NO-FAULT INSURANCE — WORKMEN'S COMPENSATION
     — BENEFITS — REDUCTION.

   *The legislative history of the provision of the no-fault insurance act which reduces personal protection insurance benefits by the amount received in benefits required to be provided under state law indicates an intent that workers' compensation benefits, which are provided without direct cost to the employee, be deducted from personal protection insurance benefits when both benefits are payable for an injury (MCL 500.3109[1]; MSA 24.13109[1]).*

*Reamon, Williams, Klukowski, Wood & Drew, P.C.* (by *William G. Reamon* and *Themis J. Fotieo),* for plaintiff Mathis.

*McCroskey, Libner, Van Leuven, Feldman, Kortering, Cochrane & Brock, P.C.* (by *Robert O. Chessman),* for plaintiff Hawkins.

*Hillman, Baxter & Hammond* (by *Michael D. Wade)* for plaintiff Deborah Ottenwess Schroeder.

*Posner, Posner & Posner* for plaintiff Joseph.

*Warner, Norcross & Judd* (by *William K. Holmes* and *Linda R. Witte)* for defendant Interstate Motor Freight System.

*Linsey, Strain & Worsfold, P.C.,* for defendants Auto-Owners Insurance Company and Hawkeye-Security Insurance Company.

*Wheeler, Upham, Bryant & Uhl* (by *Susan B. Flakne* and *Kenneth E. Tiews)* for defendant Travelers Insurance Company.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Charles A. Huckabay),* for defendant Transport Indemnity Company.

Amicus Curiae:

*Selby, Dickinson, Pike, Mourad & Brandt (Gromek, Bendure & Thomas,* of counsel) for Detroit Automobile Inter-Insurance Exchange.

KAVANAGH, J. These cases all involve the injury of an employee in the course of his employment while occupying a motor vehicle owned by his employer. Each employee, or his dependents, has received workers' compensation benefits as a result of his injury. Each beneficiary is seeking to recover personal protection insurance benefits under the Michigan no-fault insurance act. MCL 500.3101-500.3179; MSA 24.13101-24.13179.

The major issue raised by these cases is whether the sole remedy of an employee injured in the course of his employment in a motor vehicle acci-

dent is the benefit allowable under the Worker's Disability Compensation Act, MCL 418.101-418.941; MSA 17.237(101)-17.237(941), or may the employee collect in addition thereto no-fault insurance benefits under MCL 500.3101-500.3179; MSA 24.13101-24.13179, from the insurer of the employer's vehicle.

Corollary issues are:

(1) Whether such employee is precluded by § 131 of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131) from collecting no-fault insurance benefits when the employer is *self-insured* under the no-fault act.

(2) Whether such employee may recover no-fault benefits from the *insurer of his personal vehicle* in addition to workmen's compensation benefits.

(3) Whether § 3109(1), MCL 500.3109(1); MSA 24.13109(1) requires a setoff of the workmen's compensation benefits against the no-fault benefits otherwise due.

(4) Whether § 3109(1) and insurance policy provisions based thereon are constitutional under the Constitution of the State of Michigan.

We hold that an employee who suffers accidental bodily injury in the course of his employment while occupying a motor vehicle owned by the employer is entitled to collect no-fault benefits from the no-fault insurance carrier insuring the employer's vehicle, and is not limited to workers' compensation as his sole remedy. MCL 500.3114, subds (3) and (4); MSA 24.13114, subds (3) and (4), precludes recovery from the no-fault insurer of the employee's private vehicle under the facts of these cases. Where the employer is self-insured under the no-fault act, the employee may collect no-fault benefits from the employer in his role as insurer in addition to workers' compensation benefits.

We also hold that the no-fault insurance carrier, or the employer, if self-insured under the no-fault act, may set off the workers' compensation benefits against the no-fault benefits pursuant to § 3109(1) of the no-fault act. Section 3109(1) as applied to workers' compensation benefits is constitutional under the Michigan Constitution.

The facts of the consolidated cases are as follows:

## A. *Mathis*

On September 30, 1974, plaintiff Mathis was injured while loading and unloading a semi-trailer in the course of his employment with defendant Interstate. As a result of this injury, he applied for and received workers' compensation benefits.

In addition to receiving workers' compensation benefits, Mathis applied to Interstate for no-fault personal protection insurance benefits. Interstate was a self-insurer under the no-fault act. The claim was denied by Interstate on the ground that Mathis' exclusive remedy against his self-insured employer was workers' compensation benefits under MCL 418.131; MSA 17.237(131).

The trial court granted Interstate's motion for accelerated and/or summary judgment on the basis of § 131 of the WDCA. The Court of Appeals affirmed. 73 Mich App 602; 252 NW2d 842 (1977).

## B. *Hawkins*

On June 7, 1976, plaintiff Hawkins was injured while driving one of his employer's trucks in the course of his employment with Acme Disposal, Inc. As a result of this injury, Hawkins applied for and received workers' compensation benefits which

were paid by Acme's workers' compensation carrier.

In addition to receiving workers' compensation benefits, Hawkins filed suit against his employer's no-fault insurer, defendant Auto-Owners Insurance Company, seeking payment of all personal protection benefits due to him under the Michigan no-fault act. The trial court granted Auto-Owners' motion for an accelerated judgment. On May 9, 1978, the Court of Appeals set aside the accelerated judgment and remanded the case for further proceedings. The Court of Appeals held that the Worker's Disability Compensation Act does not operate as a bar to the employee's action. 83 Mich App 225; 268 NW2d 534 (1978).

### C. *Ottenwess*

Plaintiff-appellee's decedent, Michael Ottenwess, was an employee of Wickes Lumber Company. On September 16, 1975, Ottenwess attempted to examine or repair an apparent malfunction of the mechanism which raised and lowered the dump box on the dump truck he was operating in the course of his employment. Ottenwess was crushed to death when the dump box suddenly came down on him, trapping him between the box and the frame of the truck.

At the time of the accident, Ottenwess' employer's no-fault insurer was Travelers Insurance Company. Ottenwess was the owner of a private automobile covered by no-fault insurance issued by the Hawkeye-Security Insurance Company.

On September 16, 1976, plaintiff-appellee Deborah Ottenwess (Schroeder) filed suit in Kent Circuit Court against Travelers Insurance Company and Hawkeye-Security Insurance Company claim-

ing no-fault benefits for the death of Michael H. Ottenwess. Both insurance companies filed motions for summary judgment which were granted by the circuit court.

The Court of Appeals held that the summary judgment in favor of Travelers Insurance Company, insurer of the employer, was proper, but that the summary judgment in favor of Hawkeye-Security Insurance Company, insurer of decedent's private car, was improper, and remanded the case to the trial court for a trial upon the merits. 84 Mich App 292; 269 NW2d 570 (1978).

### D. *In re Certified Questions (Joseph)*

On October 26, 1974, plaintiff Joseph was injured in the course of his employment while driving a truck owned by his employer, IML Freight Company. Joseph has received workers' compensation benefits as a result of this injury.

Defendant Transport Indemnity Company paid Joseph no-fault work loss benefits from the date of the accident through August 21, 1976, but deducted the sum of $117 per week. The amount deducted was the amount plaintiff received as workers' compensation.

No-fault benefits paid through January 8, 1977 were in the amount of $16,941.90. No no-fault benefits have been paid since that date. Defendant relied on the decisions of the trial court and the Court of Appeals in *Mathis v Interstate Motor Freight System,* 73 Mich App 602; 252 NW2d 842 (1977), for stopping payment of no-fault benefits.

Plaintiff brought suit in Wayne Circuit Court on July 12, 1977. The action was subsequently removed by the defendant to the United States District Court for the Eastern District of Michigan,

Southern Division. The parties entered into a stipulation of facts and agreed that the issues to be determined were issues of law. Plaintiff and defendant filed a motion for summary judgment and a counter-motion for summary judgment, respectively.

On February 13, 1979, Judge Kennedy entered an order of certification of questions to this Court, which we accepted.

I

The Worker's Disability Compensation Act (WDCA) and the no-fault insurance act are complete and self-contained legislative schemes addressing discrete problems. Neither act refers expressly to the other.

The WDCA provides a substitute for common-law tort liability founded upon an employer's negligence in failing to maintain a safe working environment. Compensation under this act is for industrial injuries arising out of and in the course of the injured person's employment. Compensation is paid by the employer or the employer's workers' compensation insurer under an indemnity contract.

The no-fault act provides a substitute for common-law tort liability based upon the ownership or operation of a motor vehicle. Under this act, victims of motor accidents receive insurance benefits from a no-fault insurance carrier as compensation for their injuries. *Shavers v Attorney General,* 402 Mich 554, 578-579; 267 NW2d 72 (1978).

The cases under consideration herein raise the question of recovery under both legislative schemes. The employees injured in the course of

their employment were victims of motor vehicle accidents.

It is argued in these cases that § 131[1] of the WDCA bars an employee injured in the course of his employment while occupying a motor vehicle from collecting no-fault benefits from the carrier insuring the employer's vehicle. Section 131 provides that "[t]he right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the *employer*". (Emphasis supplied.)

Plaintiffs, on the other hand, argue that § 3114(3) of the no-fault act authorizes recovery of personal protection insurance benefits from the insurer of the employer's vehicle. Section 3114(3) provides that "[a]n employee * * * who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle".[2]

---

[1] MCL 418.131; MSA 17.237(131).

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract."

[2] MCL 500.3114; MSA 24.13114.

"(1) Except as provided in subsections (2) and (3), a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household. When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer.

"(2) A person suffering accidental bodily injury while an operator or

Section 3105(1) of the no-fault act provides that "[u]nder personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter".

Read together, §§ 3105(1) and 3114(3) create a new cause of action directly against the employer's no-fault insurance carrier. The only express limitation on this cause of action is the phrase "to which the employee is entitled" in § 3114(3). The argument has been made that this phrase was inserted in the no-fault act to restrict recovery to the situation where the employee was not within the scope of his employment at the time he was injured while occupying the employer's vehicle. The exclusive remedy provision of the WDCA (MCL

---

a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle. This subsection shall not apply to a passenger in the following, unless that passenger is not entitled to personal protection insurance benefits under any other policy:

"(a) A school bus, as defined by the department of education, providing transportation not prohibited by law.

"(b) A bus operated by a common carrier of passengers certified by the public service commission.

"(c) A bus operating under a government sponsored transportation program.

"(d) A bus operated by or providing service to a non-profit organization.

"(e) A taxicab insured as prescribed in section 3101 or 3102.

"(3) An employee, his spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

"(4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied."

418.131; MSA 17.237[131]) is claimed to be the basis for this theory.

We are not persuaded by this analysis for two reasons. First, the exclusive remedy provision applies to actions against the employer. Here the cause of action is directly against the no-fault insurance carrier. Because the cause of action is not against the *employer,* the exclusive remedy provision of the WDCA is not applicable and is not a bar to the employee's cause of action. Second, we agree with Judge ALLEN's dissent in *Ottenwess v Hawkeye-Security Ins Co,* 84 Mich App 292, 302-306; 269 NW2d 570 (1978), that the legislative history of the no-fault act discloses an intent to override any prohibitions which the exclusivity clause might make on no-fault recovery from the employer's insurer.

As originally introduced, the no-fault bill provided that a personal protection insurer had the primary obligation to indemnify for accidental bodily injuries arising out of the ownership, operation, or use of a motor vehicle. Payment of personal protection benefits with respect to such injury discharged, to the extent of the payment, the obligation of an employer or his workers' compensation insurer to pay workers' compensation benefits on account of an employee's injury. If the personal protection insurer failed to pay any benefits due under the act, the payer of compensation benefits had a lien against the personal protection insurer for any payment the compensation payer was required to make.[3]

We read the original bill to provide that an employee injured in the course of his employment while occupying his employer's automobile would recover no-fault benefits for such injuries to the

---

[3] Section 18(1), Senate Bill 782 (1971).

extent that such benefits equalled or exceeded any benefits he might claim under the workers' compensation law. The discharge provision prevented duplication of recovery.

As amended and passed,[4] however, the act provides that benefits payable under any other law, state or Federal, would be deducted from personal protection insurance benefits payable. The amendment rearranged the priorities of obligations for payment among the responsible parties. The responsibility for workers' compensation benefits rests first on the employer or workers' compensation insurer, and the amount of that payment is to be deducted from the liability of the personal protection insurance carrier. We are convinced that this rearrangement of responsibilities was neither intended to have nor has the effect of changing the original intention of the Legislature to provide that an employee injured in the course of his employment while occupying his employer's motor vehicle would be entitled to no-fault benefits despite the fact that he is entitled to workers' compensation benefits. We hold, therefore, that an employee who suffers accidental bodily injury in the course of his employment while occupying a motor vehicle owned by the employer is entitled to collect no-fault benefits from the no-fault insurer of the employer's vehicle, and is not limited to workers' compensation as his sole remedy.

II

In *Mathis,* the employer was self-insured under the Michigan no-fault insurance act. The argument is made that because the no-fault carrier in this situation is the employer, the exclusive rem-

---

[4] Section 3109, Senate Substitute Bill 782 (1972).

edy provision of the WDCA should bar the employee's cause of action for no-fault benefits. We are not persuaded by this argument.

An employee may have ties with an employer other than the employer-employee relationship. They may be landlord and tenant; trustee and beneficiary; vendor and vendee and so on. We look to the laws governing the particular relationship involved to determine rights and obligations of the parties. The fact that the parties are also employer-employee does not automatically trigger the operation of the exclusive remedy provision of the WDCA. The exclusive remedy provision applies only to employers where conditions of liability under the WDCA pertain.

The injured person in *Mathis* is seeking no-fault benefits from an insurer who happens to be his employer. Any liability to pay no-fault benefits is based on the status of being an insurer under the no-fault act. The employer-employee relationship does not determine the status of insurer, but simply fixes priority among those who do have that status. No conditions of liability under the WDCA exist affecting the employer as a self-insurer under the no-fault act. Accordingly we find no reason to apply the exclusive remedy provisions of the WDCA to bar the employee's cause of action.

### III

In *Ottenwess,* the plaintiff is seeking to recover workers' compensation benefits, no-fault insurance benefits from the employer's no-fault insurer, and no-fault insurance benefits from the insurer of the employee's private automobile. As stated above, the plaintiff may recover workers' compensation benefits and, in addition, no-fault insurance benefits from the employer's no-fault carrier. Section

3114 of the no-fault insurance act, however, precludes the action against the insurer of the employee's private automobile under the facts of the *Ottenwess* case.

Section 3114(4) provides:

"(4) *Except as provided in subsections (1) to (3),* a person suffering accidental bodily injury while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied." (Emphasis added.)

Section 3114(3) provides:

"(3) An employee, his spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which *the employee* is entitled from the insurer of the furnished vehicle." (Prior to 1977 amendment this section read "to which he is entitled".) 1976 PA 356, amended by 1977 PA 53.

The italicized portion of § 3114(4) indicates that subsection (3) is intended to be an exception to subsection (4). If subsection (3) is applicable, subsection (4) does not apply.

In *Ottenwess,* subsection (3) is applicable because Ottenwess was an employee who suffered accidental bodily injury from the use of a motor vehicle owned by his employer. Under subsection (3), his widow and children are to receive personal protection insurance benefits to which they are entitled from the insurer of the furnished vehicle.

Because *Ottenwess* is within subsection (3), subsection (4), which allows recovery from the insurer of the operator of the vehicle occupied, does not apply. Therefore, the plaintiffs are not entitled to bring an action against the no-fault insurer of the employee's private vehicle.

IV

Section 3109(1) of the no-fault insurance act requires the subtraction of benefits required to be provided under the laws of any state from no-fault benefits otherwise due:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from personal protection insurance benefits otherwise payable for the injury." MCL 500.3109(1); MSA 24.13109(1).

This Court upheld the constitutionality of this provision in *O'Donnell v State Farm Mutual Ins Co,* 404 Mich 524; 273 NW2d 829 (1979).[5] We held that the Legislature's judgment that the recipients of private benefits should be treated differently from the recipients of government benefits has a rational basis.

"This distinction rationally promotes the legitimate legislative objectives of enabling persons with economic needs and/or wages exceeding the maximum benefits permitted under the No-Fault Act to obtain the supplemental coverage they need and of placing the burden of such extra coverage directly on the shoulders of those

---

[5] The issue decided was whether § 3109(1) discriminated against the recipients of government benefits in violation of the Equal Protection Clauses of the state and Federal Constitutions.

persons, instead of spreading it throughout the ranks of no-fault insureds."[6]

*O'Donnell* involved a setoff by Federal Social Security survivor's benefits of no-fault benefits otherwise due. This Court concluded that § 3109 does require a setoff of these government benefits, and the setoff is not arbitrary because the benefits are paid as a result of the same accident and duplicate in varying degrees the no-fault benefits otherwise due.[7]

The instant cases involve a setoff by workers' compensation benefits with no-fault benefits otherwise due. Plaintiffs argue that workers' compensation benefits should be distinguished from the Social Security benefits in *O'Donnell* and that to set off the workers' compensation benefits would result in a denial of equal protection of the laws. We disagree. The workers' compensation benefits are paid as a result of the same accident and duplicate in varying degrees the no-fault benefits otherwise due. According to our findings in *O'Donnell,* this brings the workers' compensation benefits within the scope of § 3109(1). Therefore, the workers' compensation benefits must be set off against the no-fault benefits otherwise due. Applying *O'Donnell,* such a setoff is constitutional. Consequently, insurance policy provisions based on § 3109(1) are also constitutional.

In *Mathis* the Court of Appeals is reversed and the cause remanded for trial.

In *Hawkins* the Court of Appeals is affirmed.

In *Ottenwess* the Court of Appeals is reversed, the summary judgment in favor of Hawkeye-Secu-

[6] 404 Mich 524, 537-538.

[7] *Id.,* 538. This Court determined that the legislative purpose of § 3109(1) is to maintain or reduce premium cost to all insureds through the elimination of duplicative benefits recovery. *Id.,* 545.

rity Insurance Company is affirmed, and the cause remanded for trial as to defendant Travelers Insurance Company.

In *In re Certified Questions* the certified questions are answered in the negative, in that an employee is not limited to WDCA benefits, but may claim no-fault benefits from the carrier of the insurance on the employer's vehicle, and that § 3109(1) of Michigan no-fault insurance act is constitutional and valid under the Michigan Constitution as applied to workers' compensation benefits.

The prevailing parties in *Mathis, Hawkins* and *Ottenwess* may tax costs.

Costs in *In re Certified Questions* are covered by GCR 1963, 797.2(e).

COLEMAN, C.J., and LEVIN, FITZGERALD, and RYAN, JJ., concurred with KAVANAGH, J.

WILLIAMS, J. *(concurring).* I concur with my Brother KAVANAGH. However, since he relies heavily on *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979), to which I vigorously dissented, and which I still feel was wrongly decided, I feel obliged to explain myself.

In my *O'Donnell* dissent, I wrote

"Our opinion, in its simplest form, concludes that it is neither logical nor constitutionally permissible to either eliminate benefit duplication or accomplish premium reduction by subtracting personally paid-for Social Security survivors' benefits from personally paid-for no-fault benefits while not likewise requiring a subtraction of analogous, personally paid-for private insurance benefits." 404 Mich 524, 557.

In contrast, in the instant case the classification is not between a personally paid-for government benefit plan and a personally paid-for private benefit plan, but between a *non*-personally paid-for government plan and a personally paid-for private plan. I believe the legislative differentiation between a *non*-personally paid-for benefit system and a personally paid-for benefit system is a reasonable and constitutional classification. See *O'Donnell,* p 585. Therefore I can assent to the classification in the instant case but could not and cannot in *O'Donnell.*

FITZGERALD, J., concurred with WILLIAMS, J.

BLAIR MOODY, JR., J. *(concurring in the results).* In *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979), it was my judgment that § 3109(1) of the Michigan no-fault insurance act was unconstitutional.

In my view, § 3109(1) creates an elitist, unreasonable and arbitrary classification permitting those who can afford private insurance to supplement no-fault benefits the luxury of duplicative recovery while denying parallel benefits to the many similarly situated insureds whose economic circumstances require sole reliance on governmental sources to which they may have contributed.

However, it must be acknowledged that the *O'Donnell* majority concluded that § 3109(1) is free from constitutional infirmity. Further, *O'Donnell* is held to control the constitutional question presented in these cases.

Aside from the constitutional issue, significant questions were left unanswered in *O'Donnell.* These questions, which were unnecessary to the decision in *O'Donnell,* concerned the scope and type of benefits which may be subtracted from no-

fault personal protection insurance benefits. Indeed, issues regarding which governmental benefits may be deducted from no-fault benefits still remain largely unaddressed.

In these cases we deal with workers' compensation benefits which are provided without direct cost to the employee. The legislative history, as studiously outlined by Justice KAVANAGH, indicates an intent that workers' compensation benefits be deducted from personal protection insurance benefits when both benefits are payable for an injury. Therefore, allowing set-off of *these* government benefits comports with legislative intent.

Additionally, under the facts of the instant cases, the workers' compensation benefits and the personal protection insurance benefits are clearly "payable for the injury" within the meaning of § 3109(1). The right to receive workers' compensation benefits arises out of the same circumstances which make the recipient eligible to receive personal protection insurance benefits. Further, both benefits are payable to compensate the recipient for the same economic injuries suffered as a result of the accident.

As to the resolution of other issues raised in these cases, I agree with the analysis employed by Justice KAVANAGH. For the foregoing reasons, I concur in the results reached.