ZMUDCZYNSKI v LEAGUE GENERAL INSURANCE COMPANY

Docket No. 46577. Submitted June 11, 1980, at Detroit.—Decided
   August 13, 1980.

   Roy H. Zmudczynski was injured in an automobile accident and
   was unable to work for a period of four months. League
   General Insurance Company, his insurer under a policy of no-
   fault automobile insurance, calculated its work-loss benefits by
   subtracting from the statutory maximum work-loss benefit
   amount the amount which Zmudczynski received as sick and
   accident benefits from other sources because Zmudczynski had
   purchased coordinated benefits coverage. Zmudczynski brought
   an action against League General, alleging that the statutory
   amount is the amount payable after deductions rather than
   before. League General moved for and was granted summary
   judgment, Wayne Circuit Court, William J. Giovan, J. Zmud-
   czynski appeals. *Held:*

      The amount payable, where the insured has purchased coor-
   dinated benefits coverage, is calculated by subtracting the
   amount of benefits from other sources from the statutory
   maximum.

      Affirmed.

INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — WORK-LOSS
   BENEFITS — STATUTES.

   The amount payable as work-loss benefits under a policy of no-
   fault automobile insurance, where the insured has purchased
   "coordinated benefits" coverage at a lower premium, is calcu-
   lated by subtracting the amount of sick and accident benefits
   which the insured receives from other sources from the statu-
   tory maximum amount of work-loss benefits (MCL 500.3107b,
   500.3109a; MSA 24.13107[b], 24.13109[1]).

*Lopatin, Miller, Bindes, Freedman, Bluestone,*

REFERENCES FOR POINTS IN HEADNOTE
[1] 7 Am Jur 2d (Rev), Automobile Insurance § 361.
   Validity and construction of "no-fault" automobile insurance plans.
   42 ALR3d 229.

*Erlich & Rosen* (by *Steven G. Silverman),* for plaintiff.

*Zweig & Harkness, P.C.,* for defendant.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. Plaintiff brought this action contesting the computation of benefits paid by defendant, a no-fault automobile insurer. From summary judgment, pursuant to GCR 1963, 117.2(1), in favor of the defendant, plaintiff appeals.

Plaintiff was injured in an automobile accident which resulted in his inability to work for approximately four months. Defendant admits that it is liable for work-loss benefits under the no-fault insurance policy. The controversy concerns interpretation of MCL 500.3109a; MSA 24.13109(1), which states:

"An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payble to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household."

and MCL 500.3107b; MSA 24.13107(b), which states in part:

"The benefits payable for work loss sustained in a single 30-day period and the income earned by an injured person for work during the same period to-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

gether shall not exceed [$1,285.00], which maximum shall apply pro rata to any lesser period of work loss."

There is no dispute that the plaintiff purchased "coordinated benefits" coverage from defendant pursuant to MCL 500.3109a. Plaintiff admits that he received $205 per week sickness and accident benefits from sources other than the defendant. The defendant computed benefits owing to plaintiff by subtracting $205 per week from the $1,285 monthly maximum.

Plaintiff contends that the defendant's computation was in error. He alleges that his wages were substantially more than $1,285 per month at the time of the accident. He concludes that his wage loss is the base figure from which the other benefits should be deducted. He argues that the $1,285 per month maximum is the maximum amount payable *after* deductions rather than before.

The trial court held that defendant's method of computing coordinated benefits under the policy and the statute was correct. The judge ruled that "benefits payable", as used in the statute, plainly means the maximum amount payable by the insurer, in this case $1,285. Therefore, it is from that figure that the deductibles must be subtracted, rather than from the plaintiff's actual wage loss.

Plaintiff argues that the method of computation adopted by the defendant and approved by the trial court results in a windfall to the defendant. We disagree. At the hearing on the motion for summary judgment, it was agreed that plaintiff pays a lesser premium for coordinated benefits coverage. It is only fair that his benefits be reduced accordingly.

In *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979), the

Court held that the no-fault act did not violate the Equal Protection Clause of the state and Federal constitutions by requiring set-off of governmental benefits but not private benefits. By so providing, the Legislature allowed persons with incomes exceeding the maximum benefits payable under the no-fault act to purchase the extra coverage by paying extra premiums. The Court stated:

"It was finally resolved that these persons with extra needs would directly bear the burden of those needs; none of that burden would be borne by the no-fault system. The payment of extra premiums would pay in full for the extra coverage. Therefore, there would be no discrimination in this totally voluntary option." *Id.,* 548-549.

In the case at bar, the plaintiff chose to pay a lesser premium for coordinated benefits coverage. Certainly, had he wished to pay a greater premium and receive the maximum benefits payable in order to meet his greater needs, he could have done so.

Affirmed, costs to defendant.