**Pamela BAKER, Plaintiff,**

v.

**TRANSIT CASUALTY COMPANY, Defendant.**

**Civ. A. No. 80–74544.**

United States District Court, E. D. Michigan, S. D.

June 8, 1981.

George Fishback, Detroit, Mich., for plaintiff.

Gerald V. Padilla, Detroit, Mich., for defendant.

OPINION AND ORDER GRANTING DE-
FENDANT'S MOTION FOR SUMMA-
RY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUM-
MARY JUDGMENT

PATRICIA J. BOYLE, District Judge.

Plaintiff filed this action in Wayne County Circuit Court seeking insurance benefits from the Defendant under Michigan's No-Fault Automobile Insurance Law. M.C.L.A. §§ 500.3101–.3179 (Supp. 1980–1981). Defendant, a Missouri corporation with its principal place of business in Missouri, then removed this action to this Court on the basis of diversity of citizenship, 28 U.S.C.A. § 1332. Subsequently, Defendant filed the instant motion to dismiss for failure to state a claim for summary judgment and Plaintiff filed a cross-motion for summary judgment.

Plaintiff, a bus driver for the Southeastern Michigan Transit Authority (SEMTA), was injured in a traffic accident while driving a SEMTA bus. He has been unable to work, has incurred numerous medical expenses, and has received workers' compensation. Defendant, the no-fault insurance carrier of Plaintiff's employer, has proposed to pay Plaintiff "personal protection insurance" benefits pursuant to Michigan's No-Fault Insurance Law. Plaintiff, however, objects to the method by which Defendant has computed the benefits owing. The instant suit alleges, in Count I, that Defendant has failed to pay certain benefits owing and, in Count II, that Defendant's failure to pay has caused Plaintiff emotional distress for which she ought to be compensated. In the papers filed in support of the instant motion, counsel for the parties have agreed that Defendant has paid *some* amounts to Plaintiff in connection with the insurance contract, Defendant contending that the amounts paid represent all benefits payable and Plaintiff contending that additional amounts are due under the contract. The instant motion pertains only to Count I and

does not address the issue whether a claim for intentional or negligent infliction of emotional distress such as that stated in Count II is cognizable under Michigan law. *See Kewin v. Massachusetts Mutual Life Ins. Co.*, 409 Mich. 401, 295 N.W.2d 50 (1980).

As the facts pertaining to benefits already paid are not at issue, the sole question presented in this motion is one of statutory interpretation. Michigan's No-Fault Insurance Act requires Plaintiff's employer to carry "personal protection insurance." M.C.L.A. § 500.3101(1). "Personal protection insurance" includes coverage for

> (b) Work loss consisting of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured .... Because the benefits received from personal protection insurance for loss of income are not taxable income, the benefits payable for such loss of income shall be reduced 15% .... The benefits payable for work loss sustained in a single 30-day period and the income earned by an injured person for work during the same period together shall not exceed $1,000.00.[1]

M.C.L.A. § 500.3107(b).

The "work loss" referred to in the above-quoted statutory language is based on what the person's income would have been had he not been injured. M.C.L.A. § 500.3107(b). The Plaintiff's monthly income before the accident was Two Thousand Two Hundred Ninety Dollars and Sixty Cents ($2,290.60).

■ Both the no-fault statute and case-law require that any workers' compensation benefits paid to a party claiming under the no-fault statute be set off against "personal protection insurance" benefits. *Mathis v. Interstate Freight*, 408 Mich. 164, 289 N.W.2d 708 (1980); M.C.L.A. § 500.3109(1). Plaintiff has received Six Hundred Seventy-Six Dollars ($676) per month under her workers' compensation claim. The issue is

1. The statute provides that this maximum figure shall be adjusted annually by the Insurance Commissioner to reflect changes in the cost of living. The parties do not dispute the fact that,

at the time in question here, the applicable maximum was One Thousand Four Hundred Seventy-Five Dollars ($1,475) per month.

exactly how the set-off should be calculated.

Plaintiff's computation method is as follows:

$2,290.60 – monthly gross wage loss
– 342.45 – 15 percent not taxable per Section 3107
$1,948.15
– 676.00 – monthly workers' compensation amount
$1,272.15 – amount of her claim per month

Defendant's calculation method is as follows:

$1,475.00 – maximum benefit per Section 3107 [2]
– 676.00 – monthly workers' compensation amount
$ 799.00 – amount of her claim per month

Both of these methods are based on the following statutory language: "(1) Benefits provided or required to be provided under the laws of any state or federal government shall be subtracted *from* the personal protection insurance *benefits otherwise payable* for the injury." M.C.L.A. § 500.3109(1) (emphasis added). In sum, the issue is whether the workers' compensation benefits should be set off from Plaintiff's actual gross wage loss or from the statutory maximum.

█ The disputed statutory language was construed by the Michigan Supreme Court in its *Mathis* decision. *Mathis* was primarily concerned with the issue whether an employee injured in a motor vehicle accident could recover under both the no-fault statute and the workers' compensation statute. In deciding the issue in the affirmative, the court stated:

[T]he act provides that benefits payable under any other law, state or Federal, would be deducted from personal protection insurance benefits payable. . . . The responsibility for workers' compensation benefits rests first on the employer or workers' compensation insurer, and the amount of that payment *is to be deducted from the liability of the personal protection insurance carrier.*

408 Mich. at 183, 289 N.W.2d 708 (emphasis added). Accordingly, as the liability of the insurance carrier can never be more than the statutory maximum, Defendant's computation *method is mandated by the statute.* Plaintiff's monthly gross income of Two Thousand Two Hundred Ninety Dollars and Sixty Cents ($2,290.60) is well above the One Thousand Four Hundred Seventy-Five Dollar ($1,475) maximum.[3] But for the set-off of the workers' compensation claim, the "benefits otherwise payable for the injury" would be the statutory maximum of One Thousand Four Hundred Seventy-Five Dollars ($1,475).

Further supportive of Defendant's computation method is *Zmudczynski v. League General Insurance Co.*, 99 Mich.App. 442, 297 N.W.2d 696 (1980). Although *Zmudczynski* involved set-off of "coordinated benefits" and not of workers' compensation benefits under the no-fault act, the court's computation methods are directly on point. The plaintiff had claimed his wage loss was the base figure from which the "coordinated benefits" should be deducted, stating that the statutory monthly maximum was only to be utilized after deductions for private insurance benefits rather than before. The court accepted defendant's claim that the "coordinated benefits" are to be deducted from the statutory maximum.

Finally, the computation process suggested by Plaintiff has been rejected in the applicable proposed standard jury instructions. 59 Mich.B.J. 460 (1980). The proposed jury instructions adopt Defendant's computation method. Although Plaintiff correctly points out that the jury instructions are only proposed and should not be relied upon by this Court, they do lend credence to Defendant's reading of the statute as being a rational interpretation of the Act.

For the foregoing reasons, the Court concludes that the monthly workers' compensation amount must be subtracted from the statutory maximum "personal insurance protection" benefits in determining Defendant's liability. Accordingly, Defendant's Motion for Summary Judgment is GRANT-

**2.** See note 1.

**3.** See note 1.

ED, and Plaintiff's Motion for Summary Judgment is DENIED.

The only remaining issue being whether Count II of Plaintiff's complaint states a cause of action under Michigan law in light of *Kewin*, Defendant is invited to file an appropriate motion addressing that question. Any such motion shall be filed by *June 15, 1981*, with a response from Plaintiff due on *June 19, 1981*. Oral argument will be held on *Monday, June 22 at 9:00 a. m.*

IT IS SO ORDERED.