FEATHERLY v AAA INSURANCE COMPANY

Docket No. 58774. Submitted January 22, 1982, at Detroit.—Decided April 19, 1982.

George O. Featherly was injured in an automobile accident and filed a first-party claim with AAA Insurance Company, his no-fault automobile insurer, for work loss benefits. (The Detroit Automobile Inter-Insurance Exchange issued the policy.) AAA deducted the amount of workers' compensation benefits Featherly received each month while he was off work from the maximum statutory monthly benefit payable as personal injury protection benefits. Featherly filed an action against AAA in Isabella Circuit Court alleging that AAA had miscalculated the amount of work loss benefits payable. The trial court, Alexander T. Strange, II, J., found that plaintiff was entitled to receive the maximum benefit limit since his actual wage loss minus 15% for taxes and the amount received from workers' compensation exceeded the statutory maximum. Defendant appeals. *Held:*

1. The trial court properly concluded that the 15% tax adjustment is to be deducted from the insured's actual loss of income before the statutory limitation on benefits payable is applied.

2. The trial court correctly determined that workers' compensation benefits received by the insured were subject to the mandatory setoff provision of the no-fault act.

3. The trial court erred in concluding that the workers' compensation benefits were to be set off against actual lost income less the 15% tax adjustment instead of against the then existing statutory maximum benefit.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — WORK LOSS BENEFITS — TAX ADJUSTMENTS.

A 15% tax adjustment must be deducted from an insured's actual

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Automobile Insurance § 368.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from undependent collateral sources. 10 ALR4th 996.

loss of income under the no-fault automobile insurance act before the statutory limitation on the amount of work loss benefits payable may be applied (MCL 500.3107[b]; MSA 24.13107[b]).

2. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — SETOFF OF BENEFITS.

Workers' compensation benefits received by an insured as a result of an automobile accident are subject to the mandatory setoff provision of the no-fault automobile insurance act (MCL 500.3109[1]; MSA 24.13109[1]).

3. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — SETOFF OF BENEFITS.

Workers' compensation benefits received by an insured as a result of an automobile accident are to be set off against the statutory maximum benefit payable under the no-fault automobile insurance act rather than against the insured's actual lost income less the statutory 15% tax adjustment (MCL 500.3107[b], 500.3109 subd [1], 500.3109a; MSA 24.13107[b], 24.13109[1], 24.13109[1]).

*Timothy J. Taylor, P.C.,* for plaintiff.

*Zimostrad, Wenzloff, Allsopp & Zimostrad, P.C.,* for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and R. L. TAHVONEN,* JJ.

PER CURIAM. This is an appeal by defendant insurer from a circuit court determination that plaintiff insured is entitled to receive as no-fault first-party work loss benefits his preaccident monthly earnings less 15% for the tax adjustment and $801.66 for workers' compensation benefits, subject to the then existing statutory work loss benefit limit of $1,475 per month. Because we are of the opinion that the 15% tax adjustment applies to preaccident earnings but that the setoff for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

workers' compensation benefits is deducted from the benefits as limited by the monthly statutory maximum, we reverse.

Following an automobile accident, plaintiff filed a first-party claim with defendant for work loss benefits consisting of loss of income from August 7, 1979, to October 1, 1979, a total of 56 days. Plaintiff submitted to defendant evidence that his average monthly preaccident earnings were $3,321. While disabled, plaintiff received workers' compensation benefits of $801.66 per month.

In calculating plaintiff's allowable work loss under the no-fault act for personal injury protection benefits, defendant insurer deducted the workers' compensation benefits of $801.66 from the maximum statutory benefit of $1,475 per month.

On January 7, 1980, plaintiff filed a complaint against defendant alleging that defendant had miscalculated the amount of work loss benefits payable. Plaintiff subsequently filed a motion for partial summary judgment on that question. That motion was denied. Plaintiff then filed a motion for declaratory judgment on the same issue. The trial judge found that plaintiff was entitled to receive the maximum benefit limit of $1,475 per month since his actual wage loss minus 15% for taxes and the amount received from workers' compensation exceeded the statutory maximum.

On appeal defendant contends that the trial judge erroneously interpreted and construed the Michigan no-fault act by failing to deduct the workers' compensation benefits from the maximum allowable monthly work loss benefit.

Section 3107(b) of the no-fault act, MCL 500.3107(b); MSA 24.13107(b), provides that personal protection insurance benefits are payable for:

"Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured * * *. Because the benefits received from personal protection insurance for loss of income are not taxable income, the benefits payable for such loss of income shall be reduced 15% unless the claimant presents to the insurer in support of his claim reasonable proof of a lower value of the income tax advantage in his case, in which case the lower value shall apply. The benefits payable for work loss sustained in a single 30-day period and the income earned by an injured person for work during the same period together shall not exceed [$1,475] which maximum shall apply pro rata to any lesser period of work loss."

Section 3109 subd (1) of the act, MCL 500.3109(1); MSA 24.13109(1), provides:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

We begin first by noting that the trial court properly concluded the 15% tax adjustment is to be deducted from the insured's actual "loss of income" under § 3107(b), before application of the statutory limitation on benefits payable. *Cf. Miller v State Farm Mutual Automobile Ins Co,* 410 Mich 538; 302 NW2d 537 (1981).

Moreover, the trial court correctly determined that workers' compensation benefits received by the insured were subject to the mandatory setoff provision of § 3109(1). *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980).

The only issue is whether the trial court erred in concluding that those workers' compensation

benefits were to be set off against actual lost income less the 15% tax adjustment, as the insured argued, instead of against the then existing maximum benefit of $1,475, as asserted by the insurer.

We are of the opinion that the phrase, "personal protection insurance benefits otherwise payable for the injury" in § 3109(1), as it relates to work loss benefits, refers to the benefits otherwise payable under § 3107(b) as limited by the monthly maximum specified in that section. Accordingly, the workers' compensation benefits should have been deducted from the maximum allowable work loss benefit of $1,475. The trial court erred in concluding otherwise and in deducting the workers' compensation benefit from actual loss of income less the 15% tax adjustment.

The recent case of *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173, 186; 301 NW2d 775 (1981), held that Medicare benefits may be coordinated with no-fault personal protection insurance benefits at the option of the insured and, thus, set off under § 3109a as "other health and accident coverage on the insured". MCL 500.3109a; MSA 24.13109(1). The fact that the Supreme Court refers to benefits otherwise due in that context indicates that the Court believed that the Legislature meant such benefits to be deducted from the maximum statutory amount.

In *Zmudczynski v League General Ins Co,* 99 Mich App 442; 297 NW2d 696 (1980), the Court held that where an insured has purchased "coordinated benefits" from an insurance company at a lower premium, the amount payable as work loss benefits under no-fault is calculated by subtracting the amount of sick and accident benefits the insured receives from other sources from the statu-

tory maximum amount of work loss benefits. Thus, the Court construed the relationship between § 3107(b) and § 3109a. In holding that the coordinated benefits must be subtracted from the maximum amount payable by the insurer, the Court articulated as its reason that the "plaintiff chose to pay a lesser premium for coordinated benefits coverage. Certainly, had he wished to pay a greater premium and receive the maximum benefits payable in order to meet his greater needs, he could have done so." *Zmudczynski, supra,* 445. The Court did, however deduct coordinated benefits from the then applicable maximum amount payable of $1,285, thus supporting defendant's position.

Since the maximum amount of work loss benefits payable at any given time is the then existing statutory maximum, and since § 3109(1) mandates that benefits provided or required to be provided shall be subtracted from those benefits, it appears that the Legislature intended that the statutory maximum be a ceiling from which deductions are to be made, and not a maximum to be used when considering the difference between a claimant's actual work loss minus deductions and the statutory limit. Thus, when reference is made to "benefits otherwise payable" in § 3109(1) the Courts and Legislature are referring to any benefits payable up to the maximum statutory limitations.

Consequently, in the instant case the trial court improperly determined the amount of benefits for which defendant was liable since plaintiff's workers' compensation benefits were deducted from his actual wage loss.

Reversed and remanded for a disposition in accordance with this opinion.