THOMPSON v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 51436. Submitted April 15, 1981, at Lansing.—Decided
June 16, 1981. Leave to appeal applied for.

Francis Thompson and Sarah Thompson brought an action
against the Detroit Automobile Inter-Insurance Exchange, their
no-fault insurer, seeking a declaratory judgment that the defen-
dant may deduct only social security disability payments paid
to Francis Thompson and not those paid to Sarah Thompson
and their children from no-fault benefits paid to Francis as a
result of injuries sustained in an automobile accident and
additionally seeking exemplary damages based on breach of
contract. Plaintiffs subsequently moved for summary judgment
based on defendant's failure to state a valid defense to plain-
tiff's claim of improper reduction of benefits, which motion was
granted, Ingham Circuit Court, Thomas L. Brown, J. Defendant
appeals. *Held:*

The no-fault act provides for no benefit which corresponds to
the disability benefits for the wife and children of a wage
earner provided by the Social Security Act. There being no
duplication of benefits, the mandatory setoff provision of the no-
fault act is inapplicable.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — DUPLICATION OF BENEFITS
— SETOFF — STATUTES.

Benefits provided or required to be provided under the laws of
any state or the federal government which duplicate personal
protection insurance benefits otherwise payable for an injury
under the no-fault act must be subtracted from the no-fault
benefits (MCL 500.3109[1]; MSA 24.13109[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d (Rev), Automobile Insurance §§ 327, 328.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.
[2] Validity and construction of "other insurance" provisions. 28
ALR3d 551.

2. INSURANCE — NO-FAULT INSURANCE — SOCIAL SECURITY ACT —
   SUPPORT BENEFITS — SETOFF — STATUTES.

   Disability benefits for the support of a wage earner's wife and
   children under the Social Security Act do not correspond to any
   provision for benefits under the no-fault act and thus are not
   subject to the act's mandatory setoff provision, there being no
   duplication of benefits (42 USC 402, MCL 500.3109[1]; MSA
   24.13109[1]).

*Abood & Abood, P.C.* (by *William E. Rheaume),*
for plaintiffs.

*Reid, Reid & MacKay, P.C.* (by *Fred C. Newman),* for defendant.

Before: BASHARA, P.J., and T. M. BURNS and
BEASLEY, JJ.

BASHARA, P.J. Defendant, Detroit Automobile
Inter-Insurance Exchange, appeals a partial sum-
mary judgment granted to plaintiffs in their action
to recover no-fault insurance benefits.

Plaintiff Francis Thompson became disabled as a
result of injuries that he sustained in an automo-
bile accident. Defendant, plaintiffs' no-fault in-
surer, commenced payment of work-loss benefits to
Francis Thompson. However, the benefits were
reduced by the amount of social security disability
benefits received by each plaintiff and their chil-
dren.

Plaintiffs filed a two-count complaint seeking a
declaratory judgment that defendant may deduct
only the social security disability payments paid to
Francis Thompson and not those paid to plaintiff
Sarah Thompson and their children. The second
count of the complaint seeks exemplary damages
on the ground that defendant wilfully and wan-

tonly breached its policy, causing plaintiffs severe emotional distress.[1]

Plaintiffs filed a motion for summary judgment pursuant to GCR 1963, 117.2(2) as to the first count. The trial court granted partial summary judgment to plaintiffs, holding that defendant may not reduce the wage-loss benefits by the amount of social security benefits received by plaintiff Sarah Thompson and the children.

On appeal, defendant alleges that the trial court erred in failing to construe the policy and the no-fault act as requiring setoff of social security benefits.

MCL 500.3109(1); MSA 24.13109(1) provides:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

The policy includes a comparable provision.

In *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979), *app dis* 444 US 803 (1980), the Court construed § 3109(1) as requiring setoff of social security survivors' benefits received by the plaintiff from survivors' benefits due under the no-fault act, MCL 500.3108; MSA 24.13108. In reaching its decision, the Court reviewed the legislative history of § 3109(1) and concluded,

"[T]he Legislature's intent was to require a set-off of those government benefits that duplicated the no-fault

---

[1] According to plaintiffs' brief, another suit is pending in the circuit court in which defendant is contesting whether or not wage-loss benefits are owing in any amount. This opinion does not address that issue as it was not raised below. We assume herein, as did the trial court for purposes of declaratory judgment, that defendant is liable under the terms of the insurance policy to plaintiffs for payment of no-fault benefits.

benefits payable because of the accident and thereby reduce or contain the cost of basic insurance." *Id.,* 544.

In *Mathis v Interstate Motor Freight System,* 408 Mich 164, 187; 289 NW2d 708 (1980), the holding of *O'Donnell* was extended to require setoff of workers' compensation benefits paid as the result of the same accident to the extent that they duplicate the no-fault benefits owing.

Justice MOODY'S concurring opinion in *Mathis* noted that,

"[S]ignificant questions were left unanswered in *O'Donnell.* * * * Indeed, issues regarding which governmental benefits may be deducted from no-fault benefits still remain largely unaddressed." *Id.,* 189-190.

We agree with Justice MOODY'S observation that *O'Donnell* and *Mathis* do not hold that all government benefits must be set off against no-fault benefits under § 3109(1). Rather, where the government benefits duplicate the no-fault benefits, § 3109(1) is invoked.

Recently, in *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173; 301 NW2d 775 (1981), the Supreme Court concluded that Medicare benefits are not subject to the mandatory setoff of § 3109(1). Instead, the Court found applicable § 3109a, which allows coordination of other health and accident coverage by payment of a reduced premium to the insurer. Since the plaintiff in *LeBlanc* did not pay a reduced premium, he was entitled to recovery of both Medicare and no-fault benefits. Although *LeBlanc* was primarily concerned with interpretation of § 3109a, the opinion is germane to the controversy at bar. It again stated that the purpose of § 3109(1) is prevention of duplicative recovery. *Id.,* 197.

Consequently, the issue before us requires review of the no-fault and social security benefits in order to determine whether they provide duplicate coverage.

No-fault work-loss benefits are calculated pursuant to § 3107(b). The benefits roughly correspond to the adjusted gross wages of the insured prior to an accident, subject to a statutorily imposed maximum. The number of dependents which the insured must support is not a factor in determining the amount of work-loss benefits owing.

Similarly, social security disability benefits paid to a wage earner are established by utilizing a formula involving his past wages. The number of dependents and their needs are not considered in establishing the wage earner's disability benefits according to the evidence submitted in the trial court. Thus, work-loss benefits for loss of wages under the no-fault scheme is duplicative of social security disability benefits requiring setoff under § 3109(1).

However, review of the no-fault act reveals that there is no benefit corresponding to a wife's or child's insurance benefit under the Social Security Act, 42 USC 402. According to plaintiffs' expert witness, those benefits are also calculated on the basis of the wage earner's history of earnings. However, the benefits are for the support of the individual children and wife involved and remain payable even where the wife divorces the wage earner and obtains custody of the children.

Consequently, we conclude that the purpose for providing work-loss no-fault benefits to the insured is not the same as that for paying wife and child social security disability benefits. There being no duplication of benefits, the mandatory setoff provision is inapplicable.

Affirmed; no costs, a public question being involved.