COMBS v COMMERCIAL CARRIERS, INC

Docket No. 58924. Submitted March 3, 1982, at Grand Rapids.—
Decided June 9, 1982. Leave to appeal applied for.

Edward Combs, Jr., filed a complaint on July 28, 1980, against
Commercial Carriers, Inc. (hereinafter defendant), and CNA
Insurance Company (hereinafter defendant CNA) to recover no-
fault insurance benefits for injuries suffered during the course
of his employment with defendant. The injuries occurred dur-
ing the loading and unloading of a motor vehicle in September
of 1975 and on February 11, 1980. Plaintiff received workers'
compensation benefits for these injuries. Defendant CNA was
the workers' compensation and no-fault insurance carrier for
defendant during 1975. Motions for summary judgment were
made by all three parties. The defendants' motions were
granted while plaintiff's motion was denied, Branch Circuit
Court, Thomas C. Megargle, J. Plaintiff appeals. *Held:*

1. The trial court's denial of no-fault insurance benefits in
relation to plaintiff's September 1975 injuries is affirmed. Plain-
tiff's claim is barred on the ground that it was not brought
within one year of the most recent loss or expense arising from
the 1975 accident.

2. The trial court's refusal to award plaintiff attorney fees,
because benefits were paid to the plaintiff prior to the court's
ruling, is not supported by the record and was error.

3. Where personal protection benefits are not paid within 30
days after an insurer receives reasonable proof of the fact and
of the amount of the loss sustained a rebuttable presumption of

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance § 340.
  7A Am Jur 2d, Automobile Insurance § 461.
  Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.
[3] 7 Am Jur 2d, Automobile Insurance § 345.
[4] 7 Am Jur 2d, Automobile Insurance § 344.
[5] 7 Am Jur 2d, Automobile Insurance § 368.
  Validity and construction of no-fault insurance plans providing for
    reduction of benefits otherwise payable by amounts receivable
    from independent collateral sources. 10 ALR4th 996.

unreasonable refusal or undue delay arises. The insurer must then explain and justify the refusal or delay and the trial court must determine if the refusal or delay is unreasonable. The case is remanded to the trial court for such a determination and to determine the amount of attorney fees to be awarded if an unreasonable delay is found.

4. Plaintiff may be entitled to recover both workers' compensation and no-fault benefits for the same loss, however, he is not entitled to a double recovery. Therefore, workers' compensation benefits received must be set off against no-fault benefits otherwise due.

Affirmed in part, reversed in part, and remanded.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — LIMITATION OF ACTIONS.

The limitation of action provision contained in the personal protection insurance provision of the no-fault insurance act limits a claimant's recovery to losses and expenses incurred within one year prior to the date that the claimant commences a lawsuit for recovery of personal protection benefits (MCL 500.3145[1]; MSA 24.13145[1]).

2. INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS.

The limitation of action provision contained in the personal protection insurance provision of the no-fault insurance act bars the commencement of a suit more than one year after the most recent expense or loss arising from an accident has been incurred (MCL 500.3145[1]; MSA 24.13145[1]).

3. INSURANCE — NO-FAULT INSURANCE — ATTORNEY FEES.

An attorney is entitled to a reasonable fee for advising and representing a no-fault insurance claimant in an action for personal or property protection insurance benefits which are overdue where the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment (MCL 500.3148[1]; MSA 24.13148[1]).

4. INSURANCE — NO-FAULT INSURANCE — OVERDUE BENEFITS — PRESUMPTIONS.

The no-fault insurance act provides that personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of the loss sustained; a rebuttable presumption of unreasonable refusal or delay arises where benefits are not paid within the statutory period, the insurer must explain and justify the refusal or delay when the presumption arises and

the trial court must determine if the refusal or delay is unreasonable (MCL 500.3142[2]; MSA 24.13142[2]).

5. INSURANCE — NO-FAULT INSURANCE — REDUCTION OF BENEFITS —
WORKERS' COMPENSATION.

The provision of the no-fault insurance act which reduces the benefits to be received to the extent of benefits which the beneficiary receives under state law requires a setoff of workers' compensation benefits received as a result of an injury to an employee occurring during the loading and unloading of a motor vehicle in the course of his employment (MCL 500.3109[1]; MSA 24.13109[1]).

*Randolph McCarthy, Jr., P.C.* (by *Kenneth Kobayashi*), for plaintiff.

*Craig & Craig,* for defendants.

Before: D. F. WALSH, P.J., and CYNAR and W. F. HOOD,* JJ.

CYNAR, J. Plaintiff filed a complaint to recover no-fault insurance benefits. The trial court granted the defendants' motions for summary judgment, pursuant to GCR 1963, 117.2(1). Plaintiff appeals as of right.

Plaintiff was employed by defendant Commercial Carriers, Inc. (hereinafter "defendant"), beginning in November 1971. During the course of his employment, he suffered several injuries, three of which occurred in March and July of 1975 and on February 11, 1980, for which he received workers' compensation benefits paid by either defendant or defendant CNA Insurance Company (hereinafter "defendant CNA"). On July 28, 1980, plaintiff filed a complaint alleging that he suffered injuries during the course of his employment in September of 1975 and on February 11, 1980, for which he had received workers' compensation benefits, that he

---

* Circuit judge, sitting on the Court of Appeals by assignment.

notified defendant that both injuries occurred during the loading and unloading of a motor vehicle, that defendant was a self-insurer for purposes of the no-fault insurance act, and that defendant "failed, refused and neglected" to pay benefits pursuant to § 3106(b) of the no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* In addition to compensatory and exemplary damages, plaintiff sought 12% interest on any judgment, attorney fees, and $20 per day for services necessitated by his injuries, all pursuant to the no-fault insurance act.

Defendant answered on September 10, 1980, denying that it refused to pay plaintiff no-fault insurance benefits and denying that it had no reason in fact or law to refuse such benefits and also admitting that it was a self-insurer with respect to the alleged 1980 injury only. Defendant CNA, although not a party at that time, filed an answer that same day, which substantially comported with that of defendant. However, the language of the second answer seems to imply that it applies only to defendant CNA. As an affirmative defense, defendant CNA claimed that the statute of limitations had run on the alleged 1975 injuries.

On January 27, 1981, defendant moved for summary judgment, pursuant to GCR 1963, 117.2(1). Defendant specifically challenged payment of work-loss benefits to plaintiff pursuant to MCL 500.3107; MSA 24.13107, claiming that such had been and continued to be paid as a result of the alleged 1980 injury. That same day, defendant filed a similar motion as to the alleged 1975 injuries, claiming that plaintiff's claim was barred by the statute of limitations.

On February 23, 1981, plaintiff answered defendant's motions for summary judgment and also

moved, without citing the relevant court rule, for partial summary judgment as to defendant's liability to pay no-fault insurance benefits and attorney fees.

On March 13, 1981, defendant CNA filed an affidavit in support of a motion, presumably for summary judgment. Defendant CNA was the workers' compensation insurance and no-fault insurance carrier for defendant during 1975 and paid plaintiff's workers' compensation benefits from March 25, 1975, through September 25, 1976. Defendant CNA alleged that no claim for no-fault benefits was made by plaintiff prior to July 28, 1980, *i.e.,* the date the complaint was filed. Another similar affidavit was filed March 20, 1981.

A hearing was held on all motions on March 16, 1981. On May 12, 1981, the trial court issued an opinion finding that defendant was paying no-fault benefits for the 1980 injury and, therefore, plaintiff was not entitled to an attorney fee. The trial court also found that plaintiff was paid all sums due him under the law for his 1975 injuries, thereby refusing to give retroactive effect to the Supreme Court's decision in *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980). Rather, any claim plaintiff had to no-fault benefits for his 1975 injuries was barred by MCL 500.3145; MSA 24.13145. Defendants' motions were granted while plaintiff's motion was denied. A judgment to that effect was entered June 29, 1981.

We find it unnecessary to address the question of the retroactive application of *Mathis.* Even if *Mathis* is so applied, any claim that plaintiff may have had for no-fault benefits arising out of his September, 1975, injuries is limited by MCL 500.3145(1); MSA 24.13145(1), which bars recovery

of any personal protection benefits for any loss incurred more than one year before the date on which the action is commenced. *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83, 89; 307 NW2d 736 (1981). It appears from the record that no losses were incurred arising out of the 1975 injuries after January of 1978, at which time plaintiff returned to work. It also appears that plaintiff received workers' compensation benefits covering the period of disability from the September, 1975, injuries. Since the action was commenced on July 28, 1980, recovery may be had only for the losses incurred on or after July 28, 1979. The result reached by the trial court as to plaintiff's claim for no-fault insurance benefits in relation to the September 1975 injuries is, therefore, affirmed. Furthermore, § 3145(1) bars the bringing of a suit more than one year after the most recent expense or loss has been incurred, therefore, plaintiff's claim arising out of the 1975 injuries is barred on the ground that it was not brought within one year of the most recent loss or expense arising from the 1975 accident.

Regarding the trial court's refusal to grant plaintiff's request for attorney fees, we find that the trial court's action is not supported by the record, and it appears that the trial court erred.

MCL 500.3148(1); MSA 24.13148(1) provides:

"An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the ·benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

We note that the terms of this statute are mandatory, contingent only upon culpable conduct on the part of the insurer.

MCL 500.3142(2); MSA 24.13142(2) provides that personal protection benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of the loss sustained.

Where benefits are not paid within the statutory period, we think a rebuttable presumption of unreasonable refusal or undue delay arises. It is then the burden of the insurer to explain and justify the refusal or delay. It then becomes the trial court's duty to determine if the refusal or delay is unreasonable. See *Wood v Detroit Automobile Inter-Ins Exchange,* 99 Mich App 701, 708; 299 NW2d 370 (1980). This procedure follows logically from the language of the statutory provisions in question.

Since the no-fault benefits arising out of the 1980 injury are now being paid, we are presented with the question of whether the delay in commencement of the payments was unreasonable. We note that the trial court denied an award of a reasonable attorney fee simply because payments had been made prior to the court's ruling. This is not adequate grounds to deny relief under § 3148(1). It appears that a delay in payment of several months occurred. We are unimpressed by defendant's claim that it needed time to "process" the claim. It appears that no adequate reason for the delay exists, but we are unable to grant relief to plaintiff at this time because the record is inadequate in two respects.

First, it is not clear when defendant was given reasonable proof of the fact and of the amount of loss sustained for purposes of § 3142(2). Under the

circumstances we are unable to ascertain when, if ever, a claim was made for no-fault benefits prior to the time the action was commenced (the complaint, filed July 28, 1980, contained such a claim). This is significant because of defendant's dual status as self-insurer for both workers' compensation and no-fault benefits and also because of a change in the law which occurred when the Michigan Supreme Court decided *Mathis, supra,* overruling *Mathis v Interstate Motor Freight System,* 73 Mich App 602; 252 NW2d 842 (1977). The Supreme Court released its decision in *Mathis* on March 20, 1980. Until that time, it would have been reasonable for defendant to refuse no-fault benefits, since it was not obligated to make such payments by reason of this Court's ruling in the *Mathis* case that workers' compensation benefits were a plaintiff's exclusive remedy. Plaintiff alleges that he received his first check for no-fault benefits on August 5, 1980. We are concerned with the possibility that defendant may have been honestly unaware that no-fault benefits were due to plaintiff. The form by which defendant appears to have been notified of the injury is apparently a workers' compensation form. If the complaint was in fact the first indication that no-fault benefits were being claimed, then defendant's August 5 payment must be considered prompt and reasonable. We find it necessary to remand the case to the trial court for further proceedings to determine whether an unreasonable delay in payments occurred. If so, plaintiff is to be awarded a reasonable attorney fee.

Our second reason for finding the record inadequate is that there is no basis on which to determine the amount of attorney fees to be awarded in the event that an unreasonable delay is found. We

must leave this determination to the discretion of the trial court. A final comment is in order on the effect of the *Mathis* decision. We note that plaintiff asserts that he is entitled to "dual benefits". It is true that under *Mathis* plaintiff is entitled to recover both workers' compensation and no-fault benefits. Plaintiff is not, however, entitled to *double* recovery for the same loss. The Supreme Court's decision in *Mathis, supra,* 186-187, makes it clear that the workers' compensation benefits received must be set off against no-fault benefits otherwise due. We assume that such is being done in the instant case.

Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.