BOHLINGER v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 55837. Submitted March 15, 1982, at Detroit.—Decided
October 6, 1982.

Donald Bohlinger was injured in an automobile accident in 1974
and claimed personal protection insurance benefits from his no-
fault insurer, Detroit Automobile Inter-Insurance Exchange.
DAIIE paid all the medical bills and paid Bohlinger work-loss
benefits for six weeks at the maximum rate of $1,000 per
month. Bohlinger unsuccessfully attempted to return to work
and then applied for further wage-loss benefits. DAIIE deter-
mined that Bohlinger's disability was primarily attributable to
a pre-existing back condition and, in May, 1975, began paying
Bohlinger reduced wage-loss benefits at the rate of $500 per
month. Bohlinger accepted those payments until April, 1977,
when DAIIE determined that Bohlinger was no longer suffering
any disability attributable to the 1974 automobile accident and
terminated payment of benefits. In July, 1979, Bohlinger and
his wife, Marianne, filed suit against DAIIE in Wayne Circuit
Court seeking to obtain benefits allegedly due under the insur-
ance contract. The court, Susan D. Borman, J., granted an
accelerated judgment in favor of defendant on the ground that
plaintiffs' suit was barred by the one-year period of limitation
contained within the no-fault automobile insurance act. Plain-
tiffs appeal by leave granted. *Held:*

1. Plaintiffs' contention that the proper time limitation for
recovery under the facts of this case is six years is without
merit.

2. The trial court did not err in concluding that plaintiffs

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 344, 369.
   Validity and construction of "no-fault" automobile insurance plans.
   42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance § 361.
[3] 51 Am Jur 2d, Limitation of Actions §§ 431-434, 444, 445, 450.
   Promise to settle or perform as estopping reliance on statute of
   limitations. 44 ALR3d 482.
   Fraud, misrepresentation, or deception as estopping reliance on
   statute of limitations. 43 ALR3d 429.

failed to allege facts sufficient to estop defendant from asserting the period of limitation as a defense.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — NOTICE OF CLAIM — LIMITATION OF ACTIONS.

The provision in the no-fault automobile insurance act setting temporal limitations on the right to commence an action to recover personal protection benefits payable under the act for accidental bodily injury provides that such action be commenced not later than one year after the accident unless written notice of the injury has been given to the insurer within one year of the accident and, if such notice is given, such action to recover benefits may be commenced at any time within one year after the most recent allowable expense; however, the benefits recoverable in such action are limited to those expenses incurred within one year prior to the commencement of the action (MCL 500.3145[1]; MSA 24.13145[1]).

2. INSURANCE — NO-FAULT INSURANCE — WORK-LOSS BENEFITS.

Work-loss benefits under the no-fault automobile insurance act are recoverable as compensation for loss of income from work an injured person would have performed during the first three years after the date of the accident if he had not been injured (MCL 500.3107; MSA 24.13107).

3. LIMITATION OF ACTIONS — ESTOPPEL.

A plaintiff who relies upon an estoppel theory to avoid a statute of limitations defense must show that the conduct of the defendant has induced the plaintiff to refrain from bringing action within the period fixed by statute and that such conduct should estop the defendant; actions by a defendant relevant to establishing estoppel include concealment of a cause of action, misrepresentation as to the statutory time in which an action may be brought, inducement not to bring the action or a promise to pay or settle a claim; special knowledge on the part of a defendant and fiduciary relationship are also factors to be considered.

*Metry, Metry & Sanom* (by *Frederick E. Metry*), for plaintiffs.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *A. Randolph Judd*), for defendant.

Before: DANHOF, C.J., and BRONSON and J. R. ERNST,* JJ.

PER CURIAM. Plaintiffs, Donald and Marianne Bohlinger, appeal by leave granted from an accelerated judgment entered in favor of defendant, Detroit Automobile Inter-Insurance Exchange (DAIIE), on December 22, 1980.

On December 9, 1974, plaintiff Donald Bohlinger was injured in an automobile accident. Shortly thereafter, he claimed personal protection insurance benefits from his first-party insurer, defendant DAIIE. Plaintiffs have acknowledged payment of all medical bills and their only claim is for wage-loss benefits. According to plaintiffs' brief, Donald Bohlinger was initially out of work for six weeks, and defendant reimbursed him for loss of wages at the maximum rate of $1,000 per month. He unsuccessfully attempted to return to work and then applied for further wage-loss benefits.

Subsequently, defendant arrived at a determination that Donald Bohlinger's disability was primarily attributable to a pre-existing back condition and, in May, 1975, defendant began paying him a reduced wage-loss benefit in the sum of $500 per month. Mr. Bohlinger accepted and cashed these checks.

Finally, defendant determined Donald Bohlinger to be no longer suffering any disability attributable to the 1974 automobile accident, and on April 27, 1977, terminated benefits. Plaintiffs were notified of this termination by a telephone conversation and confirmation letter.

On July 12, 1977, plaintiffs' attorney contacted defendant seeking to obtain benefits allegedly due under the insurance contract. An exchange of

* Circuit judge, sitting on the Court of Appeals by assignment.

correspondence ensued, which is contained in the record on appeal.

On July 5, 1979, plaintiffs commenced this action against defendant. Defendant moved for summary judgment on the basis that plaintiffs' suit was barred by the one-year period of limitation contained within the no-fault insurance act. MCL 500.3145(1); MSA 24.13145(1). The trial court treated defendant's motion for summary judgment as a motion for accelerated judgment and granted it as such, although the order of judgment entered on December 22, 1980, is denominated "summary judgment".

Two issues are raised on appeal. First, plaintiffs allege that a six-year period of limitation for breach of contract applies to their suit. Second, plaintiffs contend that if the one-year period of limitation set forth in the no-fault insurance act applies to this case, defendant nevertheless is estopped from asserting it by having engaged in dilatory tactics.

Plaintiffs' primary contention on appeal is that defendant breached its contract by arbitrarily setting the amount of work loss it was going to pay Donald Bohlinger and that, since the dispute is over the sum to be paid according to the terms of the policy, the proper time limitation for recovery is six years under MCL 600.5807; MSA 27A.5807. This proposition is without merit.

MCL 500.3145(1); MSA 24.13145(1), in pertinent part, provides:

"(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the

accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."

It is well settled by prior decisions of this Court that this section establishes the time limitation for bringing an action for the recovery of personal protection insurance benefits. *English v Home Ins Co*, 112 Mich App 468; 316 NW2d 463 (1982); *Allstate Ins Co v Frankenmuth Mutual Ins Co*, 111 Mich App 617; 314 NW2d 711 (1981); *Aldrich v Auto-Owners Ins Co*, 106 Mich App 83; 307 NW2d 736 (1981); *Dozier v State Farm Mutual Automobile Ins Co*, 95 Mich App 121; 290 NW2d 408 (1980).

The language of the statute is clear and unambiguous and we see no reason for departing from the literal interpretation. It is both a statute of limitations and a recovery limitation provision. It allows an action to be commenced at any time within one year of the most recent "allowable expense". It also limits recovery of personal property insurance benefits to losses incurred within one year prior to the action. *English, supra; Allstate, supra; Aldrich, supra.*

Plaintiffs contend that a dispute over the "existence" of a loss should be distinguished from a dispute over the "amount" of a loss and that the one-year limitation period of MCL 500.3145(1) applies only to the former, whereas the six-year limitation period provided for general contract actions (MCL 600.5807) applies to the latter. This

is contrary to the clear language of the statute, and to so hold would be to indulge in unwarranted judicial legislation.

Since some payments have already been made by defendant, plaintiffs could properly commence an action for personal protection insurance benefits at any time after the most recent allowable expense was incurred. Plaintiffs' recovery, however, is limited to only those losses incurred within one year prior to the date on which their action was commenced.

Work-loss benefits (the only benefits now claimed by plaintiffs) are recoverable as compensation for loss of income from work an injured person would have performed *during the first three years after the date of the accident* if he had not been injured. MCL 500.3107; MSA 24.13107. Plaintiff Donald Bohlinger's right to work-loss benefits ended December 9, 1977. Therefore, plaintiffs had until December 9, 1978, to initiate a timely action, with recovery being limited to work-loss incurred within one year prior to the date of filing. Since all loss claimed by plaintiffs had been incurred more than one year before commencement of this action, defendant's motion was properly granted.

Plaintiffs' contention that defendant is estopped from pleading the limitation provisions of MCL 500.3145(1) was not seriously argued in the trial court. The question on appeal is whether the trial court erred in concluding that plaintiffs failed to allege facts sufficient to estop defendant from asserting the period of limitation as a defense.

A plaintiff who relies upon an estoppel theory to avoid a statute of limitations defense must show "that the conduct of the defendant has induced the plaintiff to refrain from bringing action within the

period fixed by statute, and that such conduct should estop the defendant". *Renackowsky v Bd of Water Comm'rs of Detroit,* 122 Mich 613, 616; 81 NW 581 (1900). Actions by a defendant relevant to establishing estoppel include concealment of a cause of action, misrepresentation as to the statutory time in which an action may be brought, and inducement not to bring the action. *Yarger v City of Hastings,* 375 Mich 413, 418-419; 134 NW2d 726 (1965). A promise to pay or settle a claim, special knowledge on the part of a defendant, and fiduciary relationship are also factors to consider. *DiGiovanni v Yacenick,* 9 Mich App 590, 596; 157 NW2d 785 (1968).

The only allegations in the complaint pertaining to defendant's handling of plaintiffs' claim are set forth in ¶ 6:

"6. That defendant, Detroit Automobile Inter-Insurance Exchange, began payment of benefits due and owing to the plaintiffs until such time that it arbitrarily, unreasonably, without excuse or legal justification, wilfully and intentionally breached and repudiated its contract of insurance and withheld or otherwise refused payment, contrary to the Statutes of the State of Michgian, MCL 500.3004 *et seq.*"

In response to defendant's pleading as an affirmative defense:

"3. That plaintiff has filed this instant action on July 5, 1979, beyond the applicable one year statute of limitations as provided in MCL 500.3145(1)",

plaintiff merely pleaded as follows:

"Now come the above-named plaintiffs, by and through their attorneys, Metry, Metry & Sanom, by Frederick E. Metry, and hereby deny the allegations

contained in defendant's affirmative defenses because they are untrue."

Plaintiffs failed to submit affidavits or other evidence of estoppel in opposition to the period of limitation defense. GCR 1963, 116.3. The pleadings fail to establish a basis for equitable estoppel that would bar the operation of the period of limitation. Plaintiffs allege no representation or conduct by defendant which misled them, or upon which they reasonably relied, to the extent that they failed to bring the action within the statutory period.

Plaintiffs' "Answer to Defendant's Motion for Summary Judgment" asserts that "defendant waived the statute of limitations, MCL 500.3145(1), through negotiations and dilatory tactics". In support of these conclusions plaintiffs offer only appended copies of correspondence between plaintiffs, defendant and the Michigan Department of Commerce Insurance Bureau. At the hearing on defendant's motion for summary judgment the trial court considered plaintiffs' argument for estoppel and the letters in question and concluded as follows:

"At some point in time the insurance company did cancel his benefits and suit was not brought for something like two years after that. And I don't believe from reading the letters and the correspondence that there was any [negotiation] here. I just think he's out of luck here."

We agree.

Defendant's letter of July 20, 1977, merely acknowledges receipt of a "letter of retention" from plaintiffs' attorney.

Defendant's letter of September 14, 1977, states defendant's reason for reducing Donald Bohling-

er's wage-loss benefits in May, 1975, and for the termination of said benefits in April, 1977.

In response to a letter dated January 30, 1978, from plaintiffs' attorney seeking a copy of Donald Bohlinger's insurance policy and further explanation for the reduction of wage-loss benefits, defendant's letter of February 10, 1978, succinctly concluded, "* * * I refer you to my September 14, 1977 correspondence addressed to you. Our file is closed."

The remainder of the correspondence consists of letters between plaintiffs' attorney and the Insurance Bureau and defendant and the Insurance Bureau, the final item being a letter from the Insurance Bureau to plaintiffs' attorney dated May 5, 1978. Said correspondence contains nothing which plaintiffs could allege by amended pleading to be a reasonable basis for good-faith failure to commence action within the statutory period, either under the doctrine of equitable estoppel or a theory of promissory estoppel.

Finally, as the trial court noted, plaintiffs did not commence this action until substantially more than one year after the date of the last of the letters submitted in support of their estoppel theory.

"[A]n estoppel will be deemed effective only for so long as the creditor reasonably relied upon the defendant's representations as an excuse for not instituting the action. According to some authorities, where a debtor, by his representations, promises, or conduct, is estopped to assert the statute of limitations, the estoppel continues until the plaintiff is given a reasonable time in which to sue. According to other authorities, the estoppel continues, following the expiration of the statutory period, until the creditor is allowed an equal period in which to commence the action." (Footnotes

omitted.) 51 Am Jur 2d, Limitation of Actions, § 437, p 903.

Assuming *arguendo* that plaintiffs' pleadings incorporating their answer to defendant's motion for summary judgment and attached letters are sufficient to allege an equitable estoppel to the limitations defense, the clearly unsatisfactory conclusion of correspondence left plaintiffs with no reasonable basis for not instituting action. The Legislature having determined one year to be a reasonable and appropriate period for bringing this type of action, plaintiffs are deemed to have a like period following termination of the estoppel within which to bring action.

Plaintiffs have not suggested, even in general terms, how any representations or conduct of defendant insurance company induced them not to commence suit. There has been no allegation of fact which would indicate any action on the part of defendant to hinder plaintiffs' bringing their action. Rather, the facts indicate that plaintiffs illadvisedly sought to resolve their dispute with defendant through the Michigan Insurance Bureau rather than by litigation. Upon consideration of all factors relevant to plaintiffs' claim of equitable estoppel, plaintiffs must be deemed to have sat on their rights while the statutory time in which they could have brought their action ran out.

The judgment entered by the trial court is affirmed. Costs to defendant.