KRANSZ v MEREDITH

Docket No. 55749. Submitted January 11, 1982, at Lansing.—Decided February 24, 1983.

Vida Kransz was injured in an automobile accident on September 6, 1976. On October 4, 1976, she submitted a written claim for personal injury protection benefits to her insurer, Detroit Automobile Inter-Insurance Exchange (DAIIE). DAIIE made payments on the claim, the last payment occurring on March 17, 1977. On April 27, 1978, Vida Kransz submitted additional medical bills to DAIIE for payment. DAIIE formally refused payment of these bills on April 11, 1979. On September 4, 1979, Vida Kransz and her husband, Robert Kransz, brought an action in Ingham Circuit Court against the driver of the other automobile involved in the accident, Hazel I. Meredith, and DAIIE. DAIIE moved for accelerated judgment on the basis that the applicable provision of the automobile no-fault insurance act created a one-year period of limitation which could be extended one additional year upon proper notice of claim and, accordingly, plaintiffs were required to commence their suit against DAIIE no later than September 6, 1978. Robert Holmes Bell, J., granted DAIIE's motion for accelerated judgment. Plaintiffs appeal. *Held:*

1. The statutory provision requires that an action to recover personal protection benefits be commenced within one year of the accident unless a notice of claim has been filed. If a notice of claim has been filed, an action may be commenced within one year of the most recent allowable expense; however, the benefits recoverable in such action are limited to expenses incurred within one year prior to the commencement of the action.

2. The one-year relation back period neither is tolled during the period in which the insurer considers any claim nor is expanded by the amount of time that elapses between the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 357 *et seq.,* 269.

7A Am Jur 2d, Automobile Insurance § 461.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

presentment of the claim to the insurer and the denial of such claim by the insurer.

3. Since the interrogatories indicate that Vida Kransz continues to receive medical treatment for injuries which resulted from the accident, the trial court erred in granting the entire relief requested by DAIIE in its motion for accelerated judgment. By notifying DAIIE of the accident within one year of the accident, plaintiffs became entitled to file suit more than one year after the accident. Plaintiffs' September 4, 1979, suit was proper but entitled them only to expenses incurred one year prior to the filing of the suit. Accelerated judgment should have been granted only with respect to those expenses incurred prior to September 4, 1978.

Affirmed in part; reversed in part.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — NOTICE OF CLAIM — LIMITATION OF ACTIONS.

The provision in the no-fault automobile insurance act setting temporal limitations on the right to commence an action to recover personal protection benefits payable under the act for accidental bodily injury provides that such action be commenced not later than one year after the accident unless written notice of the injury has been given to the insurer within one year of the accident and, if such notice is given, such action to recover benefits may be commenced at any time within one year after the most recent allowable expense; however, the benefits recoverable in such action are limited to those expenses incurred within one year prior to the commencement of the action (MCL 500.3145[1]; MSA 24.13145[1]).

2. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — ACTIONS.

The one-year relation back limitation on recoverable personal protection benefits contained in the provision in the no-fault automobile insurance act permitting actions to recover such benefits if notice of the injury is given to the insurer within one year prior to the date of the commencement of the action to recover such benefits is neither tolled during the period in which the insurer considers any claim nor expanded by the amount of time that elapses between the presentment of the claim to the insurer and the denial of such claim by the insurer (MCL 500.3145[1]; MSA 24.13145[1]).

*Church, Wyble, Kritselis, Anderson & Robinson, P.C. by Thomas H. Hay),* for plaintiffs.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *C. Mark Hoover* and *Gary C. Rogers),* for Detroit Automobile Inter-Insurance Exchange.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GIL-LIS and C. J. HOEHN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's order granting accelerated judgment to defendant Detroit Automobile Inter-Insurance Exchange (DAIIE).

Vida Kransz was injured in an automobile accident on September 6, 1976. On October 4, 1976, she submitted a written claim for personal injury protection benefits to her insurer, DAIIE. Thereafter, DAIIE made payments on the claim, the last payment occurring on March 17, 1977.

On April 27, 1978, Vida Kransz submitted additional medical bills to defendant DAIIE for payment. DAIIE formally refused payment of the bills on April 11, 1979. On September 4, 1979, Vida Kransz and her husband, Robert Kransz, instituted this action against DAIIE and the other driver involved in the accident. Plaintiffs' answers to DAIIE's interrogatories state that Vida Kransz continues to receive medical treatment as a result of the accident.

The trial court, relying on *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121; 290 NW2d 408 (1980), *lv den* 409 Mich 911 (1980), and *Davis v Farmers Ins Group,* 86 Mich App 45; 272 NW2d 334 (1978), *lv den* 406 Mich 868 (1979), granted accelerated judgment against the plaintiffs on the motion of defendant DAIIE. The court ruled that MCL 500.3145(1); MSA 24.13145(1) created a one-year period of limitation which, by the giving

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of notice, could be extended for an additional one year. The court held that, in the instant case, plaintiffs were required to commence the suit not later than September 6, 1978, plaintiffs being entitled to the additional one-year period of time. The court concluded that, since the complaint was not filed until September 4, 1979, the claim against defendant DAIIE was barred.

The question on appeal is whether the trial court correctly interpreted § 3145(1) and correctly applied that statute to the facts of the instant case.

MCL 500.3145(1); MSA 24.13145(1) provides in pertinent part:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."

This Court in *Dozier, supra,* p 126, stated that "it is clear beyond peradventure that this section is a one-year statute of limitations, with a provision enabling claimants to extend the period for recovery of personal protection insurance benefits up to one additional year by giving notice". The rule in *Dozier* would require that the suit be brought, at the latest, within two years after the

accident occurs. This interpretation finds no support in the statute and has been rejected by recent panels of this Court. We agree with the following interpretation stated in *Allstate Ins Co v Frankenmuth Mutual Ins Co,* 111 Mich App 617, 621; 314 NW2d 711 (1981):

"Extending the period of recovery up to one additional year by giving notice cannot be construed as extending the period for one contiguous year after giving notice. The language of the statute is clear and unambiguous. If notice has been given, an action may be commenced at *any time* within one year of the most recent allowable expense. However, that action cannot be used to recover for all previous expenses, rather it can be used to recover only those expenses incurred within one year prior to the commencement of the action."

We must now determine when the permissible period of recovery begins to run. Under the plain language of the statute, recovery is limited to the expenses incurred within one year prior to the date suit was commenced. The statute makes no provision for tolling the period of limitation during the time while the insurer assesses the claim and makes a determination of its liability. As a result, the statute could reward insurance companies which do not act promptly on claims submitted to them.

In response to the problem, this Court in *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979), held that the period of limitation is tolled from the date a claimant gives notice of loss until the date on which the insurance company formally denies liability.

The Court-imposed tolling period in *Richards* finds no support in the statute. Section 3145(1) is

clear and unambiguous and is not subject to interpretation by the Court. We are in agreement with the more recent decisions from panels of this Court which have rejected the *Richards* analysis in favor of a literal reading of § 3145(1). *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83; 307 NW2d 736 (1981); *Allstate Ins Co v Frankenmuth Mutual Ins Co, supra; English v The Home Ins Co,* 112 Mich App 468; 316 NW2d 463 (1982). See, also, *Wolar v State Farm Mutual Automobile Ins Co,* 111 Mich App 152; 314 NW2d 460 (1981).

The Supreme Court's recent decision in *Ford Motor Co v Lumbermens Mutual Casualty Co,* 413 Mich 22; 319 NW2d 320 (1982), does not alter our analysis of this issue. In *Ford Motor Co,* the Court interpreted a statutory standard form fire insurance policy which required that an action to recover benefits be commenced within 12 months following the inception of the loss. See MCL 500.2832; MSA 24.12832. As required by the statute, the insurance policy also contained proof-of-loss and payment clauses. The proof-of-loss provision required the claimant to submit a written proof of loss within 60 days after the loss occurred. The payment clause provided that the benefits for which the insurance company was liable were payable 60 days after the proof of loss was received by the company.

The Court found an inconsistency between the proof-of-loss and payment provisions and the limitations clause. Relying on *The Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976), the Court reconciled the inconsistency by permitting the 12-month limitation period to be tolled in order to allow the insured one full year in which to institute suit.

We believe *Ford Motor Co* is clearly distinguish-

able from the instant case. First, that case involved an interpretation of a standard form fire insurance policy rather than a provision of the automobile no-fault insurance law. Second, the period of limitation provision at issue in *Ford Motor Co* imposed an absolute bar on the commencement of suit more than 12 months following the loss. In contrast, § 3145(1) provides that upon the giving of timely notice, an action for PIP benefits may be commenced anytime within one year after the most recent allowable expense is incurred, but recovery is limited to losses incurred within one year immediately prior to commencement of the suit. Finally, and most importantly, the tolling provision in *Ford Motor Co* was based on a perceived inconsistency between the limitation provision and other provisions of the standard form policy which acted to shorten the 12-month period of limitation. The automobile no-fault insurance act contains no comparable provisions which would impair the insured's legal ability to file suit for benefits under § 3145(1). *Cf.* MCL 500.3142; MSA 24.13142.

In accord with *Aldrich v Auto-Owners Ins Co, supra; Allstate Ins Co v Frankenmuth Mutual Ins Co, supra,* and *English v The Home Ins Co, supra,* we hold that, where the insurance company is notified within one year of the claim, the claimant may bring an action for recovery of benefits at any time within one year after the most recent allowable expense was incurred but may not collect benefits for any expenses incurred more than one year prior to the date that suit was commenced.

Accordingly, the trial court erred in granting the entire relief requested by DAIIE in its motion for accelerated judgment. By notifying DAIIE of the accident, plaintiffs became eligible to file suit

later than one year after the accident. Section 3145(1) bars plaintiffs from recovering personal injury protection benefits for expenses incurred more than one year prior to commencement of the suit on September 4, 1979. Thus, accelerated judgment should have been granted only with respect to those expenses incurred prior to September 4, 1978.

Affirmed in part; reversed in part. No costs.