MYERS v INTERSTATE MOTOR FREIGHT SYSTEM

Docket No. 61593. Submitted December 16, 1982, at Detroit.—Decided March 4, 1983.

Plaintiff, Joseph Myers, was injured in a work-related automobile accident in March of 1974. Plaintiff notified defendant, Interstate Motor Freight System, his employer, immediately after the injury and received workers' compensation benefits. Plaintiff did not file a claim for no-fault benefits at that time, allegedly because he believed that workers' compensation was his exclusive remedy. On May 18, 1981, plaintiff's attorney sent defendant a letter claiming that defendant was responsible for no-fault benefits for plaintiff's medical expenses. Defendant denied plaintiff's claim on June 12, 1981. On July 8, 1981, plaintiff filed a complaint in the Wayne Circuit Court against defendant seeking to obtain no-fault benefits from defendant, who was self-insured for both workers' compensation and no-fault liability at the time of the accident. On October 9, 1981, the trial court, Myron H. Wahls, J., granted defendant's motion for an accelerated judgment on the ground that plaintiff had failed to file his action for no-fault benefits within the applicable one-year period of limitations. Plaintiff's motion for a rehearing was denied. Plaintiff appeals. *Held:*

1. Under the plain language of the statute regarding personal protection benefits, plaintiff's notice of injury did not operate to extend the one-year period of limitations applicable to actions for no-fault benefits. The notice requirement of MCL 500.3145(1) is not altered by the fact that at the time of plaintiff's injury neither the Court of Appeals nor the Supreme Court had ruled that both workers' compensation and no-fault benefits were available to an employee who is injured in a motor vehicle during the course of his employment.

2. The trial court correctly granted defendant's motion for an accelerated judgment since plaintiff's complaint was filed more than six years after the period of limitations had expired.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 373.

82 Am Jur 2d, Workmen's Compensation § 442.

INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — NOTICE OF INJURY — LIMITATION OF ACTIONS.

The one-year notice requirement provided in the insurance statute regarding personal protection benefits is not altered by the fact that at the time of an employee's work-related injury neither the Court of Appeals nor the Supreme Court had ruled that both workers' compensation and no-fault benefits were available to an employee injured in a motor vehicle during the course of his employment; therefore, an injured employee's notice of an injury sustained in a work-related automobile accident which is given to his employer, who is self-insured for both no-fault and workers' compensation purposes, wherein the employee claims workers' compensation benefits only does not operate to extend the one-year period of limitations applicable to the employee's action for no-fault insurance benefits (MCL 500.3145[1]; MSA 24.13145[1]).

*Metry, Metry & Sanom* (by *Kenneth J. Kurncz),* for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Mark E. Morley,* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and H. E. DEMING,* JJ.

PER CURIAM. On July 8, 1981, plaintiff, Joseph Myers, filed a complaint against defendant, Interstate Motor Freight System, alleging that plaintiff was injured on March 14, 1974, while employed by defendant. Plaintiff sought to obtain no-fault benefits from defendant, who was self-insured for both workers' compensation and no-fault liability at the time of the accident. On October 9, 1981, the trial court granted defendant's motion for accelerated judgment under GCR 1963, 116.1(5), on the ground that plaintiff had failed to file his action for no-fault benefits within the one-year period of limitations stated in MCL 500.3145(1); MSA 24.13145(1). Plaintiff's motion for rehearing of the motion for

* Circuit judge, sitting on the Court of Appeals by assignment.

accelerated judgment was also denied by the trial judge. Plaintiff appeals as of right.

Plaintiff notified defendant immediately after his injury in 1974 and plaintiff received workers' compensation benefits. Plaintiff did not file a claim for no-fault benefits at that time, allegedly because he believed that workers' compensation was his exclusive remedy. On May 18, 1981, plaintiff's attorney sent defendant a letter stating that defendant was responsible for no-fault benefits for medical expenses incurred by plaintiff. Defendant denied plaintiff's claim on June 12, 1981.

On appeal, plaintiff bases his argument on the Supreme Court's decision in *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980), which allowed an employee injured in a motor vehicle accident during the course of his employment to collect no-fault benefits from the employer's insurer as well as workers' compensation benefits. Plaintiff argues that, since defendant was both a no-fault and workers' compensation self-insurer, his report to defendant of the automobile accident and injury was sufficient notice under MCL 500.3145(1); MSA 24.13145(1) to extend that one-year period of limitations provided for in that section. Plaintiff also argues that the period of limitations was tolled until defendant formally denied plaintiff's no-fault claim on June 12, 1981. Under this analysis, plaintiff's July 8, 1981, complaint was filed well within the one-year limitation period.

MCL 500.3145(1); MSA 24.13145(1) provides:

"(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has

been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

The statute requires the notice of injury to be given "by a person claiming to be entitled to benefits" or someone on his behalf.

In the instant case, plaintiff admits that he did not claim to be entitled to no-fault benefits at the time he notified defendant of his injury. Plaintiff claimed workers' compensation benefits only. Under the plain language of the statute, plaintiff's notice of injury did not operate to extend the one-year period of limitations applicable to actions for no-fault benefits. The fact that at the time of plaintiff's injury neither this Court nor the Supreme Court had ruled that both workers' compensation and no-fault benefits were available to an employee injured in a motor vehicle during the course of his employment does not alter the notice requirement of MCL 500.3145(1); MSA 24.13145(1). The trial court correctly granted defendant's motion for accelerated judgment, as plaintiff's complaint was filed more than six years after the period of limitations had expired.

Affirmed.