ROBINSON v ASSOCIATED TRUCK LINES, INC

Docket No. 74131. Submitted April 6, 1984, at Detroit.—Decided June 19, 1984. Leave to appeal applied for.

Franklin Robinson and others were employees of Associated Truck Lines, Inc., who were injured after October 1, 1973, in accidents involving vehicles owned by Associated and brought an action in the Wayne Circuit Court against Associated, which was self-insured for both no-fault and workers' compensation liability, seeking no-fault benefits for their injuries. Each plaintiff was injured more than one year prior to the filing of the lawsuit. The court, James E. Mies, J., granted accelerated judgment for defendant. Plaintiffs appealed. *Held:*

The one-year notice requirement provided in the insurance statute regarding personal protection benefits is not altered by the fact that at the time of an employee's work-related injury neither the Court of Appeals nor the Supreme Court had ruled that both workers' compensation and no-fault benefits were available to an employee injured in a motor vehicle during the course of employment. Therefore, an injured employee's notice of an injury sustained in a work-related automobile accident which is given to his employer, who is self-insured for both no-fault and workers' compensation purposes, wherein the employee claims workers' compensation benefits only does not operate to extend the one-year period of limitations applicable to the employee's action for no-fault insurance benefits. Neither equitable estoppel nor fraud apply to defeat the statute of limitations defense. No fraud was shown and all plaintiffs were injured more than one year prior to the Supreme Court's

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 368.

[1, 3] 7A Am Jur 2d, Automobile Insurance § 461.

[2] 51 Am Jur 2d, Limitation of Actions § 431 *et seq.*

Promises to settle or perform as estopping reliance on statute of limitations. 44 ALR3d 482.

Estoppel to rely on statute of limitations. 24 ALR2d 1413.

[3] 44 Am Jur 2d, Insurance § 1876 *et seq.*

Settlement negotiations as estopping reliance on statute of limitations. 39 ALR3d 127.

decision that employees injured on the job in automobile accidents involving employer-owned vehicles are entitled to both workers' compensation and no-fault benefits.

Affirmed.

T. M. BURNS, J., concurred separately to reaffirm his position that the no-fault one-year period of limitation is tolled by notice to the insurer.

### OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — NOTICE OF INJURY — LIMITATION OF ACTIONS.

The one-year notice requirement provided in the insurance statute regarding personal protection benefits is not altered by the fact that at the time of an employee's work-related injury neither the Court of Appeals nor the Supreme Court had ruled that both workers' compensation and no-fault benefits were available to an employee injured in a motor vehicle during the course of his employment; therefore, an injured employee's notice of an injury sustained in a work-related automobile accident which is given to his employer, who is self-insured for both no-fault and workers' compensation purposes, wherein the employee claims workers' compensation benefits only does not operate to extend the one-year period of limitation applicable to the employee's action for no-fault insurance benefits (MCL 500.3145[1]; MSA 24.13145[1]).

2. LIMITATION OF ACTIONS — ESTOPPEL.

A plaintiff who relies upon an estoppel theory to avoid a statute of limitations defense must show that the conduct of the defendant has induced the plaintiff to refrain from bringing an action within the period fixed by statute and that such conduct should estop the defendant; actions by a defendant relevant to establishing estoppel include concealment of a cause of action, misrepresentation as to the statutory time in which an action may be brought, inducement not to bring the action or a promise to pay or settle a claim.

### CONCURRENCE BY T. M. BURNS, J.

3. LIMITATION OF ACTIONS — INSURANCE.

*The statutory period of limitation on actions based on insurance claims is tolled from the time the insurance company is notified of the claim until the company formally denies it.*

*Marshall Lasser,* for plaintiffs.

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Foster, P.C.* (by *Jack E. VanderMale*), for defendant.

Before: J. H. GILLIS, P.J., and T. M. BURNS and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiffs are all employees of defendant who were injured in accidents after October 1, 1973, involving vehicles owned by defendant. Each plaintiff submitted an accident report after his injury, entitling him to workers' compensation benefits. Evidently, all of the plaintiffs have received or are receiving workers' compensation benefits. Defendant in this case is a self-insured employer for purposes of the workers' compensation and no-fault liability statutes.

Until 1978, the law in this state precluded an employee from obtaining no-fault benefits in addition to workers' compensation benefits. The split among the panels of the Court of Appeals which then developed was finally resolved when the Supreme Court issued its opinion in *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980), on March 20, 1980. The Court ruled that an employee who suffers accidental bodily injury in the course of his employment while occupying a motor vehicle owned by the employer is entitled to collect no-fault benefits in addition to workers' compensation.

Based on that decision, plaintiffs instituted this action, seeking no-fault benefits for their past injuries. They also sought to certify the matter as a class action, but apparently no order was ever issued on that question. Several motions for summary judgment were made on both sides. The lower court twice denied defendant's motion for

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

summary judgment, and also denied plaintiffs' motion. However, on rehearing, the lower court granted defendant's motion for accelerated judgment, from which plaintiff appeals. We affirm.

According to MCL 500.3145(1); MSA 24.13145(1), an action for no-fault benefits "may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury * * * has been given to the insurer within 1 year after the accident". The parties agree that none of the plaintiffs' injuries were as recent as within one year from the date of the filing of this lawsuit. Plaintiffs argue, however, that by giving their employer notice of their injuries sufficient to trigger workers' compensation benefits, they also fulfilled the notice requirement of the no-fault act. Plaintiffs' claim is supported by the fact that Mr. James Opperman, an employee of defendant, administered both no-fault and workers' compensation claims, so that, when plaintiffs submitted their accident reports to him and said they wanted "whatever benefits they were entitled to", defendant was implicitly on notice that plaintiffs were also seeking no-fault benefits.

Plaintiffs' logic is artful but unpersuasive: that is not the law. The same argument was made by plaintiff in *Myers v Interstate Motor Freight System,* 124 Mich App 506; 335 NW2d 19 (1983). In denying plaintiff's claim, this Court ruled:

"In the instant case, plaintiff admits that he did not claim to be entitled to no-fault benefits at the time he notified defendant of his injury. Plaintiff claimed workers' compensation benefits only. Under the plain language of the statute, plaintiff's notice of injury did not operate to extend the one-year period of limitations applicable to actions for no-fault benefits. The fact that at the time of plaintiff's injury neither this Court nor

the Supreme Court had ruled that both workers' compensation and no-fault benefits were available to an employee injured in a motor vehicle during the course of his employment does not alter the notice requirement of MCL 500.3145(1); MSA 24.13145(1)." *Id.,* p 509.

The *Myers* analysis governs this case as well. The fact that some of the plaintiffs told Mr. Opperman to give them "whatever" benefits they had coming to them does not make this case different from *Myers.* At the time, all they had coming to them was workers' compensation benefits, which they received. It appears to us that plaintiffs are attempting to apply *Mathis* retroactively. Were there not a statute of limitations for claiming no-fault benefits, this might be an open question. Since we hold in this case that defendant employer never received notice of plaintiffs' claims for no-fault benefits, we need not delve into the fray concerning whether the limitations period is tolled between the time the notice is filed and the insurer acts on the claim. We note that this Court reached the same conclusion in a factually similar case, *Combs v Commercial Carriers, Inc,* 117 Mich App 67; 323 NW2d 596 (1982), *lv den* 417 Mich 923 (1983).

Plaintiffs seek to argue that defendant is equitably estopped from relying on a statute of limitations defense because Mr. Opperman knew or should have known that plaintiffs might be eligible for no-fault benefits but flatly stated that their sole remedy was workers' compensation. Plaintiffs also alleged fraudulent concealment, perhaps to avoid this Court's decision in *Bromley v Citizens Ins Co of America,* 113 Mich App 131; 317 NW2d 318 (1982), where this Court denied a similar claim because plaintiff failed to allege fraud in the complaint. However, plaintiffs' claim of fraudulent

concealment is not borne out by the pleadings or affidavits.

A plaintiff who relies upon an estoppel theory to avoid a statute of limitations defense must allege actions by defendant such as concealment of a cause of action, misrepresentation as to the statutory time in which an action may be brought, or inducement not to bring the action. *Bohlinger v Detroit Automobile Inter-Ins Exchange,* 120 Mich App 269, 275; 327 NW2d 466 (1982). The "concealment" or "misrepresentation" alleged by plaintiffs in this case is that Mr. Opperman failed to inform plaintiffs that, after 1977, the law was confused as to whether workers' compensation was their sole remedy. We decline to hold that Mr. Opperman was concealing or misrepresenting the law in so doing. As this Court noted in *Keller v Losinski,* 92 Mich App 468, 472; 285 NW2d 334 (1979):

"Nor does this Court believe that the requirements of the doctrine of equitable estoppel are met in the present action. [The insurer] did not intentionally misinform plaintiff and then seek to deny the information it had given to plaintiff. Rather, [the insurer] accurately stated to plaintiff the position which it continues to advance. There is nothing for the Court to estop [the insurer] from denying."

Since the possibility that employees who had received workers' compensation benefits might also be entitled to no-fault benefits was not even raised by this Court until 1977, we assume plaintiffs' equitable estoppel argument applies only to plaintiffs injured after 1977; before then, there would have been no reason for Mr. Opperman to mention no-fault benefits to injured employees. But we fail to see how even employees injured later could have benefitted from a statement by Mr. Opper-

man that they might be entitled to no-fault benefits as well. All plaintiffs' injuries occurred over one year before the *Mathis* decision, and thus would be precluded by this statute of limitations period. Even if the employer had decided not to deny the claim pending *Mathis,* it is open to question whether that would have tolled the running of the period of limitation; more recent decisions by this Court suggest it would not. *Kransz v Meredith,* 123 Mich App 454; 332 NW2d 571 (1983), and cases cited therein.

We further note that, since plaintiffs have already received workers' compensation for their injuries, receipt of further compensation from defendant is limited by the setoff provision of the no-fault act:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." MCL 500.3109(1); MSA 24.13109(1).

As to plaintiffs' other arguments on appeal, we do not find any abuse of discretion by the trial court in refusing to force defendant to produce the injury reports. *Tack v City of Roseville,* 67 Mich App 34; 239 NW2d 752 (1976), *lv den* 397 Mich 827 (1976). Plaintiffs cite no authority for forcing defendant to make admissions regarding information on the injury report forms when defendant wishes to contest them. The documents may be admissible at trial under MRE 801(d)(2)(c) or under the business record exception to the hearsay rule, MRE 803(6). However, it is not the rules of evidence but rather GCR 1963, 312 which governs discovery procedures in the circuit court. Rule 312 does not authorize compelling a party to admit matters of

fact. Finally, plaintiffs protest that the circuit court should have certified this lawsuit as a class action. We find no indication in the record that the circuit court has ruled on this one way or the other. Even if it ruled as plaintiffs suggest, the record is bereft of factual information we would need to review that decision.

Affirmed.

T. M. Burns, J. *(concurring)*. The majority states that it is open to question whether notice to the insurer tolls the one-year back provision of the no-fault act. I adhere to my position that such notice tolls the one-year limitation provision. *Lansing General Hospital, Osteopathic v Gomez,* 114 Mich App 814, 825; 319 NW2d 683 (1982); *Preferred Risk Mutual Ins Co v State Farm Mutual Automobile Ins Co,* 123 Mich App 416; 333 NW2d 303 (1983), *lv den* 417 Mich 1100.9 (1983). See also *Ford Motor Co v Lumbermen's Mutual Casualty Co,* 413 Mich 22; 319 NW2d 320 (1982); *The Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976); *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979); *Andrews v Allstate Ins Co,* 479 F Supp 481 (ED Mich, 1979). I do not agree with the reasoning in *Kransz v Meredith,* 123 Mich App 454; 332 NW2d 571 (1983), which is cited by the majority.