774 F.2d 1161
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert Barrick, Plaintiff-Appellant,
v.
Cleveland, Columbus and Cincinnati Highway, an Ohio
Corporation, Defendant-Appellee.
 No. 84-1481
 United States Court of Appeals, Sixth Circuit.
 9/3/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: JONES, Circuit Judge, EDWARDS, Senior Circuit Judge; and SILER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Albert Barrick, appeals the order of summary judgment for defendant, Cleveland, Columbus and Cincinnati Highway, in this diversity insurance action. Plaintiff contends that the district court erred in concluding that his application for worker's compensation benefits did not provide notice to the employer of Barrick's claim under the Michigan No-Fault Insurance Act. We affirm the judgment of the district court.
 
 
 2
 On April 10, 1981 plaintiff-appellant Albert Barrick was injured while standing on the back bumper of a trailer owned by his employer, Cleveland, Columbus and Cincinnati Highway, Inc. Barrick was acting within the scope of his employment when the contents of the truck fell out of the truck and injured Barrick. On November 4, 1981, Barrick filed a worker's compensation claim. Attorneys for the employer appeared and answered the worker's compensation claim on January 13, 1982.
 
 
 3
 On March 4, 1983, Barrick sent written notice of his intent to claim no-fault benefits under his employer's self-insured no-fault insurance. His claim was denied and he subsequently filed suit in federal district court. The district court granted summary judgment for the defendant on the ground that the claim is precluded by the applicable one-year statute of limitations for claims under the Michigan No-Fault Insurance Act, MCLA Sec. 500.3101 et seq.
 
 
 4
 Appellant argues that his claim for worker's compensation benefits filed on November 4, 1981 provided sufficient notice under Sec. 500.3145 of a claim for No-Fault insurance to toll the statute of limitations. MCLA Sec. 500.3145 provides:
 
 
 5
 An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.
 
 
 6
 Appellant relies on Dozier v. State Farm Mutual Automobile Insurance C., 95 Mich. App. 121, 290 N.W.2d 408 (1980), in which the court of appeals stated that 'substantial compliance with the written notice provision which does in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund is sufficient compliance.' Id. at 128. The Michigan Court of Appeals recently relied on Dozier in Joiner v. Michigan Mutual Insurance Co., 137 Mich. App. 464, 471 (1984), appeal denied, 369 N.W.2d 196 (Mich. 1985). In Joiner, the employee filed a worker's compensation claim to a company which provided both worker's compensation and no-fault insurance for the employer and stated expressly in the claim that he was claiming both no-fault and worker's compensation benefits. The court in Joiner distinguished several cases similar to the instant case in which the worker's compensation notice made no express mention of a claim for no-fault benefits. Id. The court also cited several other cases stating:
 
 
 7
 Recent decisions of this Court have held in varying circumstances that where the no-fault insurer and the workers' compensation insurer are the same entity, notice of workers' compensation claim does not necessarily satisfy the notice requirements of Sec. 3145(1), where the notice is not likely to alert the insurer to the pendency of a possible no-fault claim. See Spayde v. Advanced Foam Systems, Inc., 124 Mich App 454; 335 NW2d 1 (1983); Robinson v. Associated Truck Lines, Inc., 135 Mich App 571; 355 NW2d 282 (1984); Meyers v. Interstate Motor Freight System, 124 Mich App 506; 335 NW2d 19 (1983).
 
 
 8
 Id. at 470. In Joiner, the court relied in part on the fact that the worker's compensation complaint alleged that the employer was injured while driving a motor vehicle. Id. at 472.
 
 
 9
 It appears that the Michigan Court of Appeals would find the notice in the instant case to be inadequate. The notice did not expressly mention no-fault benefits. Nor was it 'likely to alert the insurer of a possible no fault claim.'
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation